## HANNA v. GREGG et ux.

No. 11487—Opinion Filed July 24, 1923.

**1. Trial—Oral Instructions.**

It is not error for the trial court to give the jury oral instructions, where written instructions are not requested by either party.

**2. Appeal and Error — Necessity for Exceptions—Instructions.**

Where no exceptions are saved to instructions given by the court, no question is presented on appeal, unless the instructions are fundamentally wrong. Instructions examined, and held to not be fundamentally wrong.

**3. Judgment—Judgment non Obstante Veredicto.**

A party is entitled to a judgment non obstante veredicto (1) where such party would be entitled to judgment on the pleadings; and (2) where there are special findings of fact contrary to the general verdict. Held, in this case, that there was an issue of fact presented by the pleadings requiring proof aliunde for determination, and there was no special finding of fact made in the case, hence, the plaintiff was not entitled to a judgment non obstante veredicto.

**4. Bills and Notes—Demurrer to Evidence —Motion for Directed Verdict.**

Where a plaintiff sues upon a promissory note and the defense is fraud in procuring the note and failure of consideration, and plaintiff introduces the instrument sued on and rests, and defendant offers testimony tending to show fraud in procuring the instrument and failure of consideration, it is not error for the trial court to overrule plaintiff's demurrer to defendant's evidence and deny plaintiff's motion for a directed verdict.

**5. Bills and Notes—Burden of Proof—Holder in Due Course.**

When it is shown that the title of any person who has negotiated a promissory note was defective, the burden is on the holder to prove he or some person under

whom he claims acquired the title as a holder in due course.

### 6. Sufficiency of Evidence.

The record in this case examined, and held, that on appeal it cannot be said that there is an entire lack of evidence to support the verdict and judgment for defendants.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by Mary B. Hanna against G. W. Gregg and Mae Gregg on promissory note and for foreclosure of real estate mortgage. Judgment for defendants, and plaintiff brings error. Affirmed.

Burns, Toney & Looney and Fowler & Wilson, for plaintiff in error.

Cutlip & Horsley, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff below, Mary B. Hanna, plaintiff in error here, commenced this action in the district court of Seminole county, Okla., on the 30th day of January, 1916, against the defendants below, G. W. Gregg and Mae Gregg, defendants in error here.

The suit was brought by the plaintiff against defendants upon a $1,000 promissory note dated March 1, 1915, and due five years after date with interest at six per cent. per annum and matured interest coupons, for judgment for the amount due, and for the foreclosure of the mortgage upon certain real estate located in Seminole county to satisfy said note and accrued interest and costs.

The defendants answered, denying any liability upon the note, interest coupons, and mortgage, for the reason that they were without consideration and therefore void since nothing had ever been paid to them upon the said instruments, and charging that the plaintiff knew at the time she acquired ownership of said instruments that nothing had ever been paid to the defendants, and further charging that she was a party to the fraud perpetrated upon the defendants. The plaintiff replied, denying the allegations of the defendants.

The case was tried to a jury on the 5th day of January, 1920, resulting in a verdict for the defendants. Thereafter the plaintiff filed a motion for judgment non obstante veredicto, which was considered and overruled, and judgment entered for the defendants, and the plaintiff appeals.

The plaintiff in error argues several assignments of error which we shall consider. Among other things of which she complains are certain instructions to the jury given by the court. An examination of the record discloses that no exception was reserved to the giving of the instructions complained of. In the motion for a new trial complaint is made that the court instructed the jury orally, but there seems to have been no request for written instructions.

Where written instructions are not requested by either party, there is no just cause of complaint in the fact that the court instructed the jury orally, and where no exceptions are saved to the instructions given by the court, there is nothing for this court to consider on appeal, unless the instructions are fundamentally wrong. We have examined the instructions given to the jury, and they fairly submit the issues, and we cannot say that they are fundamentally wrong.

The plaintiff in error complains that the court erred in overruling the demurrer of the plaintiff to the evidence of the defendants and that the court erred in overruling the motion of the plaintiff requesting the court to advise the jury to return a verdict for the plaintiff..

These matters are not presented by the record so as to justify consideration here. The record discloses that when the defendants rested the plaintiff demurred to defendants' evidence and moved for a direction. The record further discloses that upon the trial the plaintiff introduced the original instruments upon which she relied, and rested.

Thereafter the defendants put on their evidence tending to show that, while they executed the instruments sued on, they executed them for the purpose of securing a loan; but no money was ever paid to them. In other words, that they had not been paid any of the consideration for which the instruments were executed. At the close of defendants' evidence the demurrer was interposed, and also the motion for the direction.

It was not error for the court to overrule the demurrer of the plaintiff and to overrule her motion for a direction at that stage of the case. When defendants offered evidence tending to show, and did show, and it is not disputed, that the Bonfoey Investment Company, from which Mrs. Hanna had gotten the note, had never paid out a dollar on this loan, then defendants had made out a good defense. The burden then shift-

ed to the plaintiff to show that she was an innocent holder. We have a statute that controls in this matter.

Section 7729, Compiled Oklahoma Statutes, 1921, provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course."

And in Voris v. Birdsall et al., 62 Okla. 286, 162 Pac. 951, in the fifth paragraph of the syllabus, this court said:

"The rule placing the burden of proof on the holder of a negotiable instrument to show that he is a holder in due course obtains where there is fraud in the inception of the note."

Mrs. Hanna, the plaintiff, had acquired the instrument sued on from the Bonfoey Investment Company. Bonfoey's title to the instruments was defective since it had never paid the Greggs, defendants, the consideration recited. When the Greggs had established beyond dispute that they had never been paid, they had made out a defense entitling them to a verdict, unless the plaintiff could show that she was a holder in due course, and under the statutes just quoted and the rule enunciated in Voris v. Birdsall et al., supra, the burden was on her to make further proof than she had offered. The instruments alone were not sufficient. If the plaintiff had rested there, defendants would have been entitled to a verdict in their favor.

It follows, then, that the court did not err in overruling the demurrer and the motion of the plaintiff at the close of defendants' evidence.

The plaintiff in error complains of the introduction of certain evidence and written instruments offered by the defendants and admitted over her objection. She complains that the abstract of title was admitted, but the complaint is chiefly that it burdened the record and entailed needless expense in making a case-made. If this should be construed as ground for a reversal, there are few judgments, perhaps none, but what should be reversed on appeal. The same complaint is made with reference to certain exhibits to the deposition of J. W. Erwin. We recognize the necessity of not burdening the record with unnecessary matter, yet we are not authorized to reverse judgments because a lot of unnecessary things are allowed to incumber the record.

The plaintiff in error next complains that the court erred in overruling her motion for judgment non obstante veredicto.

A party is entitled to a judgment notwithstanding the verdict on either of two conditions: (1) Where the pleadings warrant a judgment notwithstanding the verdict; and (2) upon special findings contrary to the general verdict.

In Foster et al. v. Leftwich, 52 Okla. 24, 152 Pac. 583, the rule was declared to be:

"On a motion for judgment non obstante veredicto, where there are no special findings of fact, the only question presented for review is upon the pleadings in the case."

This case followed Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125, where this court said:

"A party to an action may be given judgment on the pleadings, even after verdict has been rendered against such party: but in such case the right to such verdict should clearly appear from the status of the pleadings, and where plaintiff has stated a cause of action, and issues are formed by an answer and reply, and where the pleadings thereby present material issues of fact, which cannot be determined without evidence aliunde, it is not error to overrule the motion for judgment on the pleadings."

It is provided by statute, section 682, Compiled Oklahoma Statutes 1921:

"Judgment Against Verdict. Where, upon the statement in the pleadings, one party is entitled by law to a judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

In Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 175, this court, in commenting upon this statute, said:

"Construing this statute, this court has held that the trial court is without jurisdiction, in the absence of special findings, to enter a judgment non obstante veredicto, unless the same is warranted by the pleadings."

In the body of the opinion this court cited approvingly Curtis & Gartside Co. et al. v. Pigg, supra, where it is said:

"This statute and the decisions cited very clearly support the contention that in certain cases a judgment may be rendered on the pleadings although a verdict has already been rendered against the moving party. In such cases, however, it must clearly appear upon the face of the pleadings that the movant is entitled to the judgment asked for."

in the case at bar, the court could not have rendered judgment on the pleadings, because there was a disputed question of fact that required testimony to reach a determination. There were no interrogatories submitted to the jury, and consequently no special findings of fact.

It follows, therefore, that the court did not err in overruling plaintiff's motion for judgment non obstante veredicto.

We have examined the record in this case with a good deal of care, and have concluded that there is no error in the record that justifies a reversal of the judgment. The case was tried to a jury and a verdict returned in favor of the defendants, and judgment entered thereon, and from our examination of the record, we feel that we cannot say that the verdict and judgment are not supported by the evidence.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.