## JONES v. KILLINGSWORTH.

No. 21580. Oct. 24, 1933.

Commons & Chandler, A. Clark, Pliny S. Frye, and Louis A. Ledbetter, for plaintiff in error.

Robert Burns, for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, filed a petition in the district court of Seminole county against the plaintiff in error, Ed Jones, and others, as defendants, in which she claimed to have possession and right to the possession of a tract of land in Seminole county by virtue of a lease thereon from the owner thereof which was dated April 17, 1926, and which

was for a term extending from that date to April 16, 1931. Default judgment was rendered in favor of the plaintiff against all of the defendants except Ed Jones. The defendant Ed Jones filed an answer and cross-petition in which he admitted that the plaintiff was in possession of the land and in which he alleged that the plaintiff's possession thereof was unlawful because the lease contract under which she claimed was made in violation of a provision of the Act of Congress of May 27, 1908. Therein he alleged the right of possession to be in himself by virtue of a lease executed to him by the owner of the land. The judgment of the court was in favor of the plaintiff, and the defendant Ed Jones appealed.

It is admitted that the land in controversy is a portion of the land which was allotted to a full-blood restricted Seminole Indian; that the restrictions on the land have not been removed, and that the allottee is the lessor in the lease to the plaintiff and in the lease to the defendant.

The lease under which the plaintiff claims her right to possession shows on its face to be a lease for a term not exceeding five years. There is nothing therein to show that it was executed in violation of the provisions of the Act of Congress of May 27, 1908 (35 Stat. 312). If that lease is void, it is by reason of some fact which is not apparent from an examination of the instrument and which must be shown by evidence.

There is nothing in the record to show that any portion of the land leased to the plaintiff was land which was allotted to the lessor as a homestead, and it is not contended that any portion of the leased land is a part of the lessor's allotted homestead.

The defendant based his contention that the lease to the plaintiff is invalid on the theory that the term of that lease overlaps the term of a prior lease which was executed by the allottee to one Grisso. In an effort to support that contention he introduced in evidence a lease from the allottee of the land to Mr. Grisso. That lease was for a term extending from July 5, 1923, to July 5, 1928. That evidence was not sufficient, for it showed that, while the lease to Mr. Grisso described certain land which may or may not be the same land as that described in the lease to the plaintiff, that lease did not state in what township that land was located.

The contention of the defendant is highly technical. He is insisting on the "letter of the law" as stated in the Act of Congress of May 27, 1908, being applied. The "letter of the law" must be applied alike to the defendant. The "Grisso" lease did not describe the land which was described in the plaintiff's lease. The defendant recognized that fact and sought to show by evidence that the land described in the "Grisso" lease was intended by the parties thereto to be the same as the land that was subsequently described in the plaintiff's lease. If the plaintiff's lease is void, it is by reason of the language used in the two leases, and not by reason of the intention of the parties to the "Grisso" lease. The Act of Congress of May 27, 1908, does not make a subsequent lease void because it overlaps what the parties to a prior lease intended.

The defendant contends that at the time he took his lease he had no knowledge of the lease of the plaintiff, and that he was not charged with knowledge thereof because it had not been filed of record and because it was void. The record shows that the defendant rented a portion of the land from the plaintiff; that he took his lease to the land while he was in possession of the land under his rental contract with the plaintiff, and that he did not surrender possession of the land to the plaintiff. The fact that he rented the land from the plaintiff and that he was in possession of the land under the contract with the plaintiff at the time he took his lease precludes him from asserting that he did not have knowledge sufficient to put him on inquiry as to the rights of the plaintiff in the land. Whether or not the rule is applicable that a tenant may not question his landlord's title, and whether or not any rule of estoppel is applicable in favor of the holder of an overlapping lease, it is evident that the defendant was charged with knowledge of the rights of the plaintiff and that he is not an innocent lessee for value.

Under the record we find, and hold, that there was no error on the part of the trial court in rendering judgment in favor of the plaintiff against the defendant.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.