## HANSON et al. v. LILLY.

No. 24625. March 26, 1935.

Rehearing Denied April 23, 1935.

Paul D. Sullivan, for plaintiffs in error.

Jones & Cliff, for defendant in error.

PER CURIAM. This action is in ejectment. Plaintiff seeks recovery of possession of two tracts of real estate and damages for withholding possession. The petition alleges that plaintiff is the owner of a valid agricultural lease executed by Gilbert Choate, full-blood Choctaw Indian allottee, covering his surplus allotment. This lease is dated February 8, 1930, recorded February 21, 1930, and extends for a term of five years from January 1, 1930. Plaintiff alleges that defendants have unlawfully had possession of the lands since January 1, 1931. Defendant Edwin Hanson became the owner of the real estate subsequent to the date of the execution and recordation of the lease to plaintiff. Defendants Mansell and Cline are tenants under Hanson. Defendants, by answer. deny all the allegations of the petition; deny the execution and delivery of plaintiff's lease; assert ownership and right of possession in Hanson; allege the lease of plaintiff to be forged. By amendments to the original answer defendants aver that the allottee, on the 18th day of February, 1930, executed and delivered to Earl Russell an agricultural lease on one of the tracts of land, which lease was recorded February 19, 1930, and expired December 31, 1931. Defendants state that Russell took immediate possession of the premises upon execution and delivery of his lease and remained in possession until Hanson purchased the land. It is alleged that although the lease of plaintiff bears date of February 8, 1930, in truth and in fact it was executed, if at all, subsequent to the date of the Russell lease, and that, if the true date were shown, the lease of plaintiff would be subsequent to the date of the Russell lease and therefore an overlapping lease and void. Defendants allege that Russell had no notice, actual or constructive, of the lease of plaintiff when his lease was executed and when he took possession of the leased premises. Defendants plead in bar of the prosecution

of this action a prior suit in injunction brought by plaintiff against Russell.

Plaintiff joined issue by reply traversing the allegations of the answer and amendments. Trial was had to a jury which returned answers to special interrogatories submitted by the court; the findings being in favor of the plaintiff. The court approved the verdict and rendered judgment awarding plaintiff possession of the real estate until January 1, 1935, and damages for rent accruing for the years 1931 and 1932. After unsuccessful motion for new trial, defendants have properly lodged this appeal.

Defendants submit their argument for reversal of the judgment in three propositions which will be considered in the order presented.

It is first contended that the court erred in failing, on his own motion, to generally charge the jury as to the governing law. At the close of the testimony, the court, by agreement of all parties, gave oral instructions to the jury. This was not error. Hanna v. Gregg et al., 92 Okla. 34, 217 P. 434. While the instructions given are brief, they cover the important and decisive issues presented by the evidence. Defendants do not point out any issues or theories presented by the evidence upon which the court should have further instructed. We are familiar with the rule requiring the trial court to give, on his own motion, instructions substantially covering the issues and the theories of the respective parties. First National Bank v. Cox, 83 Okla. 1, 200 P. 238.

Plaintiff was shown by the proof to be the holder of an agricultural lease dated February 8, 1930, acknowledged before a notary public February 9, 1930. This lease gave plaintiff the right of occupancy of the tracts of land for a term of five years from January 1, 1930. No proof of probative value was introduced to invalidate this lease. True, the defendants introduced testimony tending to show that plaintiff, subsequent to the date of the lease, had denied that she had a lease—this statement being denied by plaintiff—but defendants wholly failed to produce any proof sustaining their allegations of forgery, or that the lease was antedated to show an earlier time of execution than the actual and correct date. Here the lease was acknowledged before a notary public. The evidence to impeach a certificate of acknowledgment must be clear, cogent and convincing. Defendants' testimony did not meet the test. Nickel v.

Janda, 115 Okla. 207, 242 P. 264. Under all the evidence the court would have been warranted in directing the jury that the plaintiff's lease was executed February 8, 1930. The court, however, submitted to the jury by interrogatories the question of the date plaintiff obtained her lease. On this issue the jury found for the plaintiff. The finding is abundantly supported by the evidence. There was no other issue except the rental value of the real estate, which question was properly submitted to the jury. We hold that the court substantially covered the issues in the case by proper instructions.

Defendants next urge that the court erred in refusing offered testimony. Defendants sought to introduce the testimony of Jay Paschal in proof of a conversation had with D. R. Jones, who was in December, 1929, employed to obtain a lease for plaintiff on the lands in controversy. The record fails to disclose that Jones had anything to do with the negotiations resulting in the execution of the lease to plaintiff February 8, 1930. The conversation about which defendant inquired of Paschal was had February 19, 1930. Jones was not the agent of plaintiff at that time; the object of his employment, i. e., the securing of the lease, had been consummated. Statements made by an agent, to be competent, must have been made during the continuance of the agency. 1 R. C. L. 507 (sec. 48.) Here the agency had ceased and any conversation by or with Jones was inadmissible. The court correctly excluded this testimony.

Defendants finally argue that the lease of plaintiff was an overlapping lease and void. This argument is based upon the premise that plaintiff's lease was secured subsequent to the Russell lease. If the Russell lease antedated the lease of plaintiff covering a portion of the land involved here and giving the right of occupancy until the 31st day of December, 1931, and if plaintiff's lease was taken during the term of the Russell lease and extended for more than five years beyond its termination, then the law contended for by defendants as to the land covered by the Russell lease would be applicable. The lease of the plaintiff, however, was dated February 8, 1930. The jury found this lease to have been secured before the Russell lease; consequently, there was no lease on the premises when plaintiff secured her lease and the doctrine of overlapping does not apply. It is only where there is a valid, existing and unexpired lease at the time a subsequent lease is taken, extending the term beyond the period

permitted under Act of Congress, May 27, 1908 (35 Stat. 312), that the inhibition against overlapping arises. Plaintiff's lease did not extend the term more than five years from the date thereof, and the same is valid. Jones v. Killingsworth, 166 Okla. 38, 26 P. (2d) 193.

One other question is suggested, but no argument or authorities are cited by defendants in support thereof. It is said that a prior suit in injunction by the plaintiff against Earl Russell determined the lease of plaintiff to be invalid. The record shows that the injunction suit did not involve the validity of the respective leases, and that the court did not determine rights of priority between the respective lessees. Again, the injunction suit does not have identity of parties with this suit and no right of possession is asserted by defendants under the Russell lease.

We find no error in the proceedings in the trial court warranting a reversal. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Forrester Brewster, C. A. Ambrister, and Jay A. Anderson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brewster and approved by Mr. Ambrister and Mr. Anderson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.