FRANKLIN CASUALTY CO., Plaintiff
in Error,

v.

Ralph BRADLEY, Defendant in Error.

No. 37237.

Supreme Court of Oklahoma.

Oct. 15, 1957.

John F. Eberle, Richard J. Spooner, Oklahoma City, for plaintiff in error.

Norman & Wheeler, Muskogee, for defendant in error.

JACKSON, Justice.

Ralph Bradley, plaintiff in the District Court of Muskogee County, sought recovery

for the sum of $2,850 from the defendant, Franklin Casualty Co., on an insurance policy covering a truck trailer for fire damage. Plaintiff's claim was based on an alleged total loss by fire. After an adverse verdict and judgment awarding plaintiff $2,850, the defendant appeals. The parties will be given their trial court designations.

In plaintiff's petition it was alleged that plaintiff's trailer "was totally destroyed by fire." For answer defendant filed a general denial and further alleged that the destruction by fire was caused by the wrong and fault of the plaintiff. At the conclusion of all the evidence the trial court was of the opinion that there was no evidence either direct or circumstantial to support the allegation that the fire was caused by the wrong and fault of the plaintiff, and directed a verdict in favor of plaintiff. We have carefully examined the evidence of both parties in this connection and find no evidence that would warrant the conclusion that the trailer was burned by reason of any wrong or fault on the part of the plaintiff.

Defendant's primary complaint is directed at the instructions of the court. It is argued that the trial court erred in failing to instruct the jury upon the proper measure of damages to be used in arriving at its verdict, and that the measure of damages was a fundamental issue in the case.

Plaintiff testified that the trailer was totally destroyed by the fire. He also testified that the running gear, though damaged by the fire, had a salvage value of $185. He further testified that after defendant had refused payment of his claim he concluded that he would restore the trailer to an operating condition, using the damaged running gear in the reconstruction.

To complete his proof plaintiff called the dealer who had sold the trailer to plaintiff approximately fourteen months prior to the fire. This witness was asked to estimate the value of the trailer at the time of the fire. The defendant objected on the ground that the vehicle had been repaired and that

the true measure of damages was the actual cost of repairs. The court at first sustained this objection and the plaintiff made partial proof of the cost of the repairs. In this connection it was shown that plaintiff spent approximately $2,150 by way of repairs in addition to his own labor. Thereafter the court reversed his ruling and permitted plaintiff's witness to testify regarding the value of the trailer before the fire. This witness testified that the vehicle was worth between $2,700 and $3,000 immediately before the fire and that it would cost as much as it was worth before the fire to repair it.

The repairman, after being called as a witness for defendant, testified that in his opinion the trailer was worth between $3,000 and $3,400 immediately before the fire. He also testified that plaintiff actively assisted him in rebuilding the trailer.

The trial court did not instruct on the measure of damages. No request was made by either party that he do so. In fact no requested instructions of any nature were submitted and no objection made to those given, except as hereinafter shown.

The jury verdict in the exact amount sued for, ($2,850) indicates that the jury adopted plaintiff's theory of the case that the trailer was a total loss and incapable of being restored to its former condition. Under the evidence the jury was justified in reaching this conclusion.

Undoubtedly the jury should have been instructed that under the evidence there was a question of fact as to whether the trailer was capable of complete repair and restoration to its former condition, and that if it could be repaired for less than its former value the measure of damages would be the cost of repairs.

Our examination of the record leads us to the conclusion that the verdict is not necessarily contrary to the evidence under either theory. It appears that if the jury had returned a verdict, based upon the cost of repairs, plaintiff would have been entitled to compensation for his labor in assisting in the repairs. The extent and

value of these services were not estimated. However, under plaintiff's theory of total destruction the burden was not upon him to make this proof. We are unable to say, under this record, that defendant has been prejudiced.

We have heretofore held that it is the duty of counsel to assist the court by requesting appropriate instructions and in timely pointing out to the trial court the error, if any, in those given. We have also held that it is error where the trial court neglects to instruct on fundamental issues. We are reluctant to reverse a cause for new trial where it does not appear that the amount of the verdict should have been different had appropriate instructions been given.

Under the facts in this case, and the manner in which it was presented, we feel that it would be improper to reverse the cause for new trial. However, we do observe that the trailer had a salvage value after the fire of $185. This must be deducted from the verdict of $2,850 if the verdict is to be approved.

Defendant also contends that the trial court erred in failing to give written instructions to the jury. In this connection the record shows that after the court had instructed the jury orally and they had retired to the jury room, the defendant asked permission to take an exception to the court's instructions because they were not in writing. It is not pointed out by defendant wherein it has been prejudiced because the instructions were not in writing.

 The Statute, 12 O.S.1951 § 577, subd. 5, requires written instructions "if required by either party." We have held that it is not error for the trial court to give oral instructions where written instructions are not requested by either party. Hanna v. Gregg, 92 Okl. 34, 217 P. 434. In the absence of apparent prejudice we are of the opinion, and hold, that a request for written instructions is not timely and comes too late when made after the jury has retired to the jury room.

Defendants other assignments of error deal with the sufficiency of plaintiff's petition and evidence. We have carefully examined these contentions in connection with the pleadings and the evidence and find no merit to these contentions.

The verdict and judgment of the trial court are set aside and reversed, unless within ten days from the issuance of the mandate herein, plaintiff files a remittitur in the trial court of $185, in which event, the trial court's present judgment will stand affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.