## OLSON v. SULLIVAN.

No. 13382—Opinion Filed Feb. 24, 1925.

1. Sales—Implied Warranty of Machinery.

The plaintiff, Chris Olson, sold a tractor and plows to the defendant, Sullivan, and said tractor failed to do the work for which it was intended, and turned out to be utterly worthless. Held, that there was an implied warranty that the tractor would do the work for which it was intended and purchased to do, and that upon failure to

do such work, there was a breach of warranty, and the defendant was not liable for the purchase price.

## 2. Same.

An express warranty in a contract of sale usually excludes an implied warranty, but in the sale of machinery under a written contract of sale, in addition to the express warranty contained in the written contract, there is an implied warranty that such machinery or article shall be suitable to perform the ordinary work for which the described article is made or manufactured, and such implied warranty does not contradict nor conflict with the express warranty.

(Syllabus by Maxey, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Alfalfa County; J. B. Cullison, Judge.

Action by Chris Olson against J. O. Sullivan on promissory note and to foreclose mortgage. There was judgment for the defendant, and plaintiff appeals. Affirmed.

This suit grows out of the purchase of a tractor and plows by the defendant from the firm of Olson and Blumberg in the fall of 1919. Blumberg afterwards retired from the firm and Olson continued the business. The tractor was what is known as the E. B. tractor, and the purchase price was $1,756.80. The petition is in the ordinary form of petitions to foreclose mortgage and collection of note, and the answer of defendant consists of a general denial of each allegation of the petition except such as are admitted. Defendant then sets up that he purchased the tractor and plows mentioned for the consideration mentioned in plaintiff's petition, and alleges that at the time he purchased same that he explained to the plaintiff that his land was extra heavy soil and hard to plow, and that he desired a tractor with which he might plow his soil deeper than he had been able to plow it with horses; that he desired to use a tractor for the purpose of harvesting and running a separator to thresh his grain, and for the purpose of plowing sod, and informed plaintiff that he had no use for the tractor unless it would do the work as above stated, and, furthermore, that he had no use for the gang plow unless said tractor could pull it, and alleged that there was an implied warranty as to the fitness of said tractor for the purpose for which plaintiff desired to use it, and that plaintiff guaranteed that said tractor would do anything that defendant wanted it to do; that it would plow as deep as he wanted to plow; that said tractor would travel faster than a team of horses and do more work with

the same number of plows; that said tractor would pull three 14 inch plows day and night; that said tractor with three plows would plow an acre every hour; that defendant would not have to do a thing; that his boys could do all the work; that said tractor would plow sod; that said defendant could do his harvesting with the tractor; that said tractor would only use one gallon of oil in 10 hours to run it; that said tractor would only take 15 gallons of gasoline to run it 10 hours; that they, plaintiffs, would look after said tractor and keep it in repair until defendant was satisfied; that about the 20th day of September, 1919, said tractor was bought and the defendant took it home and undertook to use it in discing some land preparatory to sowing it in wheat; that the tractor ran a short distance and stopped, the engine was overheated and the tractor would not pull the load and absolutely refused to work; that he notified the plaintiff, and they sent a man out to make some adjustments; that after this the defendant was able to do some work, but not in a satisfactory manner. The tractor ran slow, the engine was continually overheated, and it was necessary to stop frequently to cool it off. The tractor ran slower than horses traveled and did less work, and in the latter part of October, 1919, he called on plaintiff again for assistance and they sent another man out who adjusted the carburetor. The engine still refused to work and plaintiffs instructed defendant not to allow anyone to work on the engine, that they would attend to it and make it work. The tractor did not do good work all fall and defendant requested Olson and Blumberg to take it back and return him his note or give him a new tractor that would fulfill the warranty but they insisted that he keep the tractor and try it another year and if it would not work they would see that it did or it would not cost defendant anything. The defendant kept said tractor and tried to use it, but it was continually breaking down and refusing to work, and that he was unable to harvest his crop with it or prepare his land for the fall sowing and finally had to abandon the use of said tractor altogether and notified plaintiffs to take it away; that the plaintiffs were to pay for all necessary repairs to put the tractor in running order and keep it so, but he was compelled to spend of his own money $321.80 and some other expenses, but never was able to get the tractor to work. Defendant sets up in his answer about 20 items of damages that he claimed on account of said tractor failing to work, and that he lost a great deal of

time in trying to get it to work. He claimed damages in the sum of $3,083.60. The plaintiff replied by way of general denial and the case went to trial before the court and a jury and resulted in a verdict for the defendant, and plaintiff has appealed the case to this court.

Titus & Talbot and S. A. Horton, for plaintiff in error.

F. M. Gustin, for defendant in error.

Opinion by MAXEY, C. This class of cases has been before this court a number of times and the rule governing such cases is well established by the decisions of this court. There is no question from the testimony in this case that the tractor wholly failed to perform the work that is required of a tractor to perform. It also shows that the defendant used a great deal of patience in trying to get the tractor to work, and that it was no fault of his that it did not work. There is very little controversy about the testimony, and there is only one of the instructions of the court excepted to by plaintiff, and the exception only goes to a part of the instruction. We have read this instruction in its entirety and also the instruction given by the court, and we are of the opinion that the part of the instruction excepted to was fairer to the plaintiff's theory of the case than he was entitled to have submitted. and therefore he cannot complain of that part of the instruction. This case is as near a counterpart of the case of Fairbanks Morse & Co. v. Miller et al., 80 Okla. 265, 195 Pac. 1083, as two cases well could be. Each question involved in this case was involved in the Fairbanks Morse Case. Each question of law involved in this case was involved in that case and considered by the court. The facts in the Fairbanks Morse Case and the instant case are in all essentials identical. The verdict of the jury in that case was the same as in this case, and we do not deem it necessary to enter into a lengthy discussion of the facts and law in this case as they have all been decided by the Fairbanks Morse Case, and this case is, therefore, ruled by the case of Fairbanks Morse & Co. v. Miller et al., supra. The following cases are all similar cases and the decision in each is in harmony with Fairbanks Morse & Co. v. Miller, supra: Burgess v. Felix, 42 Okla. 193, 140 Pac. 1180; Gutenberg Mch. Co. v. Husonian Pub. Co., 54 Okla. 369, 154 Pac. 346, and the very recent case of G. M. C. Truck Co. v. P. M. Kelley, 105 Okla. 84, 23 Pac. 882. An examination of all these cases, and especially the Fairbanks Morse Company Case, will show that the rule governing this class of cases is too well established to require the citation of further authorities. Following the case of Fairbanks Morse & Co. v. Miller, supra, the judgment of the trial court in this case is affirmed.

By the Court: It is so ordered.