### RUDOLPH WURLITZER CO. v. ALLRED et al.

No. 17240—Opinion Filed Oct. 5, 1926.

**1. Sales—Implied Warranty — Suitability for Purposes Intended.**

In the absence of an express warranty in the sale of personal property, there is an implied warranty that the same is reasonably suited to meet the purposes for which it was made and sold.

**2. Sales—Defense of Breach of Warranty not Waived by Renewal Note for Price.**

The execution of a renewal note for the purchase price of personal property does not operate as a waiver of the defense of a breach of warranty, if it is agreed between the parties at the time of the execution and delivery of the renewal note that the seller will repair and place the property in condition to reasonably answer the purposes for which it was made and sold.

**3. Same—Judgment for Defendants Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court. Mayes County; A. C. Brewster, Judge.

Action by Rudolph Wurlitzer Company to recover on promissory note and foreclosure of chattel mortgage, against Fred Allred and Lee Allred. Cross-action by defendants for damages for breach of implied warranty in the sale of personal property. Judgment for defendants, and plaintiff brings error. Affirmed.

Fred W. Lewis and R. A. Wilkerson. for plaintiff in error.

A. L. Battenfield, for defendants in error.

Opinion by STEPHENSON, C. The Rudolph Wurlitzer Company commenced its action to recover on a promissory note and to foreclose a chattel mortgage to secure the payment thereof. The defendants filed their cross-petition, in which it was alleged that the plaintiff had breached its contract of sale as to the fitness of the property to perform the purposes for which it was made and sold. The trial of the cause resulted in judgment for the defendants. The plaintiff has appealed the cause. and assigns several of the rulings of the trial court as error for reversal. The several propositions of law submitted by the appellant go mainly to the question that the defendant had waived the right to plead and prove a breach of warranty in the sale of the property.

The plaintiff sold and delivered a photoplayer, or automatic musical machine, to the defendants in June, 1921. for use in their picture show. The defendants agreed to pay $4,250 for the machine, and had paid all of the indebtedness, except about $500, by July. 1923. On the latter date the defendants executed a note and mortgage to pay for the property. The defendants filed their answer in which it was set forth that the plaintiff warranted the machine to give satisfaction in its use in the picture show, and that it would continue to give satisfactory service through several years' wear. The defendants alleged that at the time of the execution of the note and mortgage sued on in this action, the plaintiff agreed to repair and cause the machine to give good service, and that relying on this promise, the defendants executed the note and mortgage for $500.

In the absence of an express warranty in the sale of personal property. there is an implied warranty that the property will be reasonably suited for the purposes for which it is made and sold. Olson v. Sullivan, 109 Okla. 297, 234 Pac. 634.

It can make but little difference in this case whether the warranty be express or implied, as the plaintiff relies on the execution of the renewal note as a waiver of the defense. It is the contention of the plaintiff that the defendants waived the defense, as many of the defects complained about were known to the defendants at the time the renewal note and mortgage were executed.

The plaintiff relies on the case of Western Silo Co. v. Pruitt, 94 Okla. 154. 221 Pac. 106, as supporting its contention. The answer of the defendants sets forth that they executed the renewal note and mortgage involved in this case on the promise of the plaintiff that it would repair and put the photoplayer in condition to meet the needs and requirements for which it was made, and sold to the defendants. This allegation distinguishes the instant case from that relied upon by the plaintiff for the reversal of this case. Competent proof was offered by the respective parties in support of their contentions. The jury returned its verdict for the defendants on the conflicting testimony. There is competent testimony to support the verdict in favor of the defendant. The court fairly submitted the issues to the jury.

The propositions of law embodied in the instructions requested by the plaintiff, and refused by the court, were amply covered in the court's general instructions.

The judgment is affirmed.

By the Court: It is so ordered.