## J. B. COLT CO. v. KOEHN.

No. 17709.  Opinion Filed Sept. 27, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

1. **Bills and Notes—Right to Plead Failure of Consideration Though Stipulated that Note to "Be Paid Without Claim of Set-off or Deduction."**

The words, "It is further agreed that this note shall be paid without claim of set-off or deduction of any nature or for any cause whatsoever," written in the face of a promissory note, do not preclude the maker of the note, in a suit between the maker and the payee, from pleading and proving failure of consideration.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In law actions, where disputed questions of fact are submitted to the jury, the jury's verdict will not be disturbed on appeal where there is any evidence reasonably tending to support it.

3. **Trial—Sufficiency of Instructions as a Whole.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

4. **Sales—Express Warranty not Excluding Implied Warranty of Machinery's Suitableness for Purpose Bought**

An express warranty in a contract of sale usually excludes an implied warranty, but in the sale of machinery under a written contract of sale, in addition to the express warranty contained in the written contract, there is an implied warranty that such machinery or article shall be suitable to perform the ordinary work for which the described article is made or manufactured, and

such implied warranty does not contradict or conflict with the express warranty.

Error from District Court, Major County; Charles Swindall, Judge.

Action by the J. B. Colt Company, a corporation, against H. D. Koehn. Judgment for defendant, and plaintiff appeals. Affirmed.

John Butler, for plaintiff in error.

Carl Kruse and Frank Frantz, Jr., for defendant in error.

PHELPS, J. As the parties occupy the same relative positions here as in the trial court, they will be referred to as plaintiff and defendant, as they therein appeared.

Plaintiff filed its action in the district court of Major county praying judgment against the defendant on a promissory note. The defendant answered, denying generally the allegations of plaintiff's petition, and further pleaded a failure of consideration, alleging that the note was given in part payment for a carbide gas lighting plant, which was to be fully and completely installed, but that it was not fitted for the purpose for which it was purchased and installed, and that there was, therefore, no consideration for the note. He also prayed judgment for $82.93 which he alleged he paid in freight on the plant and expenses in installing the same, and for $100 damages.

The burden of proving the defense was placed upon defendant, and the case tried to a jury, and a general verdict rendered in favor of defendant, and from the judgment rendered upon such verdict this appeal is prosecuted by plaintiff.

The pleadings present issues of fact properly triable to a jury, and the facts having been determined by the jury upon the evidence presented in support of the allegations of the pleadings, under the oft-repeated rule laid down by this court, the judgment will not be disturbed if there is any evidence reasonably tending to support the verdict of the jury upon which the judgment was rendered, providing, of course, the questions of fact were properly presented to the jury and the court committed no errors of law in the trial of the case.

The note sued on by plaintiff contains this clause:

"It is further agreed that this note shall be paid without claim of set-off or deduction of any nature o rfor any cause whatsoever"

—and upon this clause in the , note counsel for plaintiff contend that the trial court

erred in refusing to render judgment for plaintiff on the pleadings.

No authorities from this jurisdiction, supporting this contention are cited. Counsel for plaintiff, however, cite a number of authorities holding that the right of set-off existing between parties owing each other may, upon valuable consideration, be waived, but we are unable to see the application of these authorities to the facts in the instant case. It appears from the record that the defendant was not aware that he had a claim against plaintiff until after the note was signed, and if he did not, there can be no consideration for his agreement to waive his right of set-off, and we are unwilling to here lay down the rule that because the above-quoted clause is inserted in a promissory note the maker of the note is precluded from pleading as a defense the failure of consideration therefor.

Most of the authorities cited by counsel for defendant supporting their contention that, notwithstanding this clause of the note, they had a right to plead the defense offered, are almost musty with age, but we think they state the correct rule of law that should prevail in this state, and the fact that they did not favor us with citation of authorities from our own court, or more recently adjudicated cases of other jurisdictions, leads us to the presumption that there are none.

In Louden v. Tiffany, 5 Watts & Sergeant's, 367, in the syllabus the Supreme Court of Pennsylvania said:

"In an action upon a sealed note by which the defendant promises to pay 'without defalcation for value received,' he is not thereby precluded from a defense upon the plea of set-off."

In Baker v. Brown, 10 Mo. 396, the Supreme Court of Missouri in the first paragraph of the syllabus, said:

"As between the original parties to a bond or note, a set-off is allowed, although the bond or note be payable 'without defalcation or discount.' "

And in Harmanson v. Bain, 1 Hughes, 391, the United States District Court of the Eastern District of Virginia, in one paragraph of the syllabus, said:

"The words 'without offset,' in common use on the face of negotiable paper, do not defeat the operation of section 5073 [Rev. St.], no value as between the maker and the payee. * * *"

And, in the more recent case of First National Bank v. Lewis, 139 Pac. 1102, the Supreme Court of Colorado, in the sixth paragraph of the syllabus, said:

"The words 'without dafalcation' in a note are now surplusage, being no more than a relic of pronounced antiquity in the law, a mere remnant of common-law forms, and wholly without meaning under the negotiable instruments law, and hence their presence did not constitute a waiver of rights of set-off," etc.

We, therefore, conclude that the trial court committed no error in overruling plaintiff's request for judgment on the pleadings.

In the answer and cross-petition of defendant it is alleged that the note sued on by plaintiff was given in part payment for the purchase and installation of a lighting plant and fixtures, and plaintiff complains that the court erred in overruling plaintiff's objection to the introduction of the evidence in support of the answer and cross-petition. Plaintiff denied that the installation of the lighting plant was within the contemplation of the parties at the time it was purchased, and denied that it had the same installed, claiming that the man who installed it was not in its employ, but in the employ of the defendant, and that the court erred in admitting evidence offered on this subject, and erred in allowing this question to be submitted to the jury. As we view it, however, the pleadings clearly present an issue of fact, and it appears from the evidence that the defendant dealt with only one man in the purchase and installation of the plant; that the man who came to the home of defendant and installed the light plant did not come in response to any suggestion from the defendant; that after it was installed and failed to perform the work for which it was intended, report of that fact was made to the plaintiff, subsequent to which time several men came to defendant's home to work upon and attempt to adjust said light plant, but never at the request of defendant, and from the testimony thus presented the jury evidently concluded that as a matter of fact plaintiff attempted to install the light plant, which conclusion, in our judgment, is abundantly sustained by the evidence. We, therefore, conclude that the trial court committed no error in admitting this evidence, and that the jury's verdict is amply supported by the evidence.

It is next contended by plaintiff that the court erred in refusing to give requested instructions numbered 3 and 4. The trial court refused to give instruction No. 3 for

the reason that the subject-matter thereof was covered by the general charge, and an examination of requested instruction No. 4 convinces us that it was properly refused, and the instructions, as a whole, we think fairly covered the issues presented by the pleadings and the evidence, and, under the rule laid down by this court in Hope Natural Gas Company v. Ideal Gasoline Co., 114 Okla. 30, 243 Pac. 206, we see no just cause for complaint.

The written order given for the light plant in question contains the statement that:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

—and it is contended by defendant that, inasmuch as this instrument contains this express warranty, there can be no implied warranty. Counsel cite a number of authorities holding that the inclusion of an express warranty operates to exclude an implied warranty. With these authorities, as a general proposition of law, we find no fault, but the so-called express warranty is decidedly limited in its scope and is not sufficiently broad to exclude an implied warranty, under the rule laid down by the authorities cited, but, rather, comes within the rule laid down in Fairbanks-Morse & Co. v. Miller, 80 Okla. 265, 195 Pac. 1083, and Olson v. Sullivan, 109 Okla. 297, 234 Pac. 634. In other words, where machinery is sold for a specific purpose, there is an implied warranty that it is suitable to perform the ordinary work which it is made to perform, and it is permissible to show that such machinery fails to perform such work where this may be done without contradicting the terms of an express warranty.

We, therefore, conclude that the record, as a whole, fails to disclose any error of the trial court prejudicial to the substantial rights of plaintiff, and the judgment of the district court is affirmed.

BRANSON, C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

MASON, V. C. J., dissents.