## WHITAKER v. COLUMBIA WEIGHING MACH. CO.

No. 18290.    Opinion Filed June 12, 1928.

(Syllabus.)

1. Sales—Implied Warranty of Machinery—Suitability for Use Intended.

In the absence of a contract which negatives the same, there is an implied warranty in the sale of machinery that it is suitable to perform the ordinary work for which it was made.

2. Same—Judgment for Seller not Sustained.

Record examined, and held, insufficient to support the judgment of the trial court.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Columbia Weighing Machine Company against E. E. Whitaker, doing business as Whitaker Bros Drug Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded, with directions.

Wilkinson & Hudson, for plaintiff in error.

Markley & Neece, for defendant in error.

HEFNER, J. The plaintiff in error will be referred to herein as defendant, and the defendant in error as plaintiff. The plaintiff sold the defendant a weighing machine, same being for the purpose of weighing human beings. The purchase price of the machine was the sum of $150 The defendant signed a written contract which is as follows:

"You may ship us one Columbia Mirror

weighing machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within 30 days from the date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within 30 days from date of its arrival, we will pay you the purchase price thereof, namely, $150, as follows: Ten dollars per month until paid; first payment to be made within 60 days from date of arrival of the machine.

"Should we be two monthly payments in arrears at any time the entire unpaid balance of the purchase price shall then become due, together with attorney's fees amounting to 20 per cent. of the sum in default, if collection is made by law. It is understood you are to supply us with any mechanical parts required for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail."

The defendant was in the drug business, and the machine was placed in his drug store. In default of payment by the defendant, the plaintiff brought suit and declared the whole of the indebtedness due because the defendant had failed to pay the monthly payments as provided in the contract.

The defendant filed a general denial, and in addition to other allegations, alleged that, about 40 or 50 days after the machine was placed in his store, his attention was frequently called to the fact that the machine gave incorrect weight, and that he tested the machine and found that the same did not weigh correctly; and that complaints had been made frequently about the machine, customers often demanding the return of their money after weighing on the same; that this information did not come to him until more than 30 days after the machine had been placed in his store. It is alleged that defendant had offered to pay for the machine if the plaintiff would repair the same and put it in good condition; and that he had it examined by an expert and the expert refused to undertake to repair the machine because it was of no value. Defendant further pleaded that there was an implied warranty that the machine would be fit for the uses and purposes for which it was made and that it was totally and wholly unfit for said use.

Motion to strike defendant's amended answer was filed and sustained by the court. Defendant refused to plead further, and the court entered judgment against him for the amount sued for, from which judgment the defendant has appealed.

The question raised for determination is whether or not the defendant in his amended answer pleaded a defense to the plaintiff's cause of action. It is alleged that the machine was bought for the purpose of weighing human beings and that it would not record correct weights and was not suitable for the purposes for which it was made.

The plaintiff urges that, inasmuch as the defendant had 30 days in which to examine and return the machine with or without cause, there is no implied warranty. In other words, it contends the 30 days in which the defendant had to examine the machine was in lieu of the implied warranty. We do not believe this contention is sound. The machine might have been shipped to the defendant and delivered to him and not have been examined within the 30 days at all. It could have remained in the original crate wherein it was shipped until after the expiration of the 30 days. After the expiration of the 30 days, the defendant, of course, lost his option to return the machine to the plaintiff. That is a part of the contract, and he is bound by it. This, however, does not exclude the implied warranty of fitness to perform the ordinary work for which it was made.

One of the recent cases on the question of implied warranty is that of Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 Pac. 985. In that case this court said:

"It is first contended that the written warranty against defective workmanship and material excludes the implied warranty of fitness set up by defendant. In the absence of contract which negatives the same, there is an implied warranty in the sale of machinery that it is suitable to perform the ordinary work for which it was made."

We do not think there is anything in the sales contract in the instant case which excludes the implied warranty of fitness pleaded by the defendant. Since it is not excluded, it necessarily follows that there is an implied warranty that it is suitable to perform the ordinary work for which it was made.

It was also held in the Harper Case, supra, that the plea of breach of warranty is the substantial equivalent of a plea of total or partial failure of consideration and may be shown as a defense. It follows that the trial court committed error in sustaining plaintiff's motion to strike defendant's answer.

The judgment of the trial court is reversed, and the cause remanded, with instructions to overrule the motion to strike the answer.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 35 Cyc. p. 408; anno. 15 L. R. A. (N. S.) 859; 24 R. C. L. p. 202.