## C. I. T. CORPORATION v. SHOGREN.

No. 25067.  Feb. 18, 1936.

Rehearing Denied March 24, 1936.

F. J. Lucas, for plaintiff in error.

James P. Melone, for defendant in error.

BUSBY, J. This is an action in replevin to recover the possession of a Legonier refrigerator counter, or its value in lieu thereof. It was commenced on December 2, 1932, in the court of common pleas of Tulsa county by the plaintiff, C. I. T. Corporation, as assignee of a conditional sales contract covering the above-mentioned personal property. The defendant, J. A. Shogren, was the vendee in the contract referred to. The case was tried to a jury in the trial court on May 19, 1933, and resulted in a verdict and judgment in favor of the defendant. The plaintiff appeals.

The parties, who appear in this court in the order of their appearance before the trial court, will be referred to by their trial court designation.

On the 26th day of January, 1931, the defendant, J. A. Shogren, who was the owner and operator of a grocery and market located in the city of Tulsa, acquired the personal property hereinbefore referred to from the Legonier Refrigerator Company division of the Allied Stores Utility Company. At the time of the acquisition of the property he executed a conditional sales contract by the terms of which the vendor retained title to the property pending the full payment of the purchase price.

It appears from the contract that the purchase price was $935, of which $100 was paid at the time of the execution of the contract, and the remaining $835 was to be paid in monthly payments of $45 each. In connection with this contract a promissory note was executed by the defendant for the unpaid balance of the purchase price of the property. In the negotiations leading to the sale of the counter the vendor was represented by its agent, a Mr. L. A. Bewley. From the evidence of the defendant it appears that at the time he acquired the refrigerator counter he entertained some doubts as to whether it could be operated

in connection with his business without developing a defect known as "sweating." He made particular inquiry concerning this matter of the seller's agent, who assured him that such defect would not develop in the maintenance or operation of this particular counter, and, in fact, orally warranted in behalf of the company that it would be free from such defect. In reliance upon these representations and warranties, the defendant purchased the property and assumed the obligation of paying for the same.

After the counter had been in operation and possession of the defendant for a period of approximately 30 days the defect developed. Complaint was made to the seller through its agent. The agent assured the defendant that the defect would be remedied. While the purchaser was enjoying a feeling of security by reason of assurances of the agent, negotiations were entered into for the purpose of reducing the monthly payments from $45 to $25. Such reduction in payment was agreed upon and the change was accomplished by the execution of another conditional sales contract by the defendant, together with another promissory note, both of which instruments were, in substance, the same as those first executed, except as to the amount of monthly payments.

The seller failed to carry out the assurances of its agent that the defect would be remedied. After the defendant had paid $571 on the total purchase price he declined to make any further payments.

In the meantime the note and conditional sales contract had been transferred to the plaintiff in this case, which then commenced this action. The defendant took the position that the plaintiff acquired the contract with full knowledge of the foregoing facts, and that his rights and defenses were the same as though the action had been commenced by the original seller. The jury was instructed on this feature of the case and its verdict and judgment rendered thereon is presumed to include a finding favorable to the defendant upon this question of fact. The sufficiency of the evidence to support such a finding is not challenged in this appeal. We shall, therefore, in the subsequent portions of this opinion treat this case as though it were a contest between the original seller and the defendant for the purpose of considering the questions presented in this appeal.

The theory of defendant was that damages for the defect in the property could be offset against the purchase price.

The conditional sales contract above referred to purports to be complete in itself. It does not contain any express provision of warranty covering the defect in the property above described. In fact, it does not contain any express warranty at all. However, it does contain a provision giving the purchaser five days in which to inspect the property and authorizing him to return the same within that time if dissatisfied. The defect in this case, however, was of such a nature that it could not have been, or was not, discovered within the time limit specified. The catalog of the seller, to which reference is made in the contract, contains a similar provision asserting that the goods of seller described in the catalog are sold subject to inspection and approval. It does not, however, contain any express warranty concerning the goods. Glowing assertions are made in the catalog, in connection with the authorization to inspect and approve or reject, that such right fully protects the purchaser. Apparently, however, in this case these contractual provisions were not adequate for that purpose. It is contended, in substance, by the plaintiff that, even though not adequate, they were exclusive and that the defendant could not offset against the purchase price damages for breach of an express oral warranty made by the agent, damages for breach of an implied warranty of fitness for the purpose for which the property was sold, or damages for fraud in inducing the defendant to enter into the contract. With respect to damages for the breach of an express oral warranty, the plaintiff's position is well taken, since the written contract involved herein purports upon its face to be complete. The doctrine of merger and exclusion is applicable and operates to exclude express oral warranties made by the seller prior to and at the time of the execution of the written instrument. 55 C. J. 704.

Counsel for the plaintiff, however, are mistaken in assuming that the existence of the written contract now before us precludes the possibility of defendant offsetting damages for either the breach of an implied warranty or fraud in procuring the contract.

An implied warranty is an exception to the maxim caveat emptor. It arises by operation of law and not by reason of any express agreement either oral or written between the parties. 24 R. C. L. p. 178, par.

451. In many instances it is somewhat akin to fraud and arises by operation of law to protect a purchaser in cases where some element necessary to constitute fraud is not present, as, for instance, where a latent defect is not shown to have been known to the seller at the time of sale, or where the probability of knowledge on the part of the seller is not so strong as to authorize a court to presume its existence without proof. 24 R. C. L. 180, par. 452. A written contract containing an express warranty may operate to exclude an implied warranty dealing with the same subject as that covered by the written warranty. Such a contract does not, however, exclude an implied warranty that the machinery or article sold is suitable for the purpose for which it was sold in cases where the contract does not expressly warrant the fitness of the article, providing, of course, that the facts and circumstances are otherwise such as to give rise to the implied warranty. See J. B. Colt Co. v. Koehn, 128 Okla. 39, 260 P. 1060; Fairbanks, Morse & Co. v. Miller et al., 80 Okla. 265, 195 P. 1083; Olson v. Sullivan, 109 Okla. 297, 234 P. 634. Neither does the fact that an article is by the terms of a written contract sold subject to examination and approval by the purchaser preclude the possibility of an implied warranty against defects not discovered or discoverable within the time allowed for examination and approval or rejection. Whitaker v. Columbia Weighing Machine Co., 131 Okla. 194, 268 P. 255.

Under the foregoing authorities we hold that an implied warranty may exist though not referred to in the written contract between the parties and even though the contract contains an express provision authorizing the buyer to reject the goods upon examination.

It is also the settled law of this state that one who has been induced by fraud to enter into a contract of the character now before us may base his defense in this class of actions upon such fraud. Viking Refrigerators. Inc.. v. McMeachin, 145 Okla. 76, 291 P. 521; Dusbabek v. Bowers, 173 Okla. 53, 43 P. (2d) 97.

It is urged by the defendant that we can and should approve the judgment of the trial court upon the theory of an implied warranty of fitness for the purpose for which the refrigerator counter in this case was sold, or upon the theory that fraud was practiced upon him by the seller in procuring the contract. There is in this case, however, an insurmountable obstacle which pre-

vents us from doing so. The trial court instructed the jury upon the theory that the defendant was entitled to offset damages for the breach of an express oral warranty and upon no other theory. The judgment in favor of the defendant is, therefore, based upon this theory alone, which, as we have seen, is erroneous. It would be improper for us to say that, because the trial court could have instructed upon another theory and that the judgment could have been sustained if the instruction had been given upon such theory, we will hold, as a matter of law, that the jury would have rendered their judgment for the defendant had the proper instructions been given. It is possible that the defendant should prevail in this case and that the plaintiff should lose. However, if the plaintiff is not entitled to recover, he is at least entitled to have the facts in the case submitted to the jury under appropriate instructions.

In order that the purport of this opinion may not be misconstrued, it should be understood at this time that we are not reviewing the evidence for the purpose of determining whether the necessary elements of fraud exist, nor have we examined the evidence for the purpose of determining whether the facts as shown give rise to an implied warranty. We deem it unnecessary to make such a detailed review at this time because there may be additional proof submitted on subsequent trial of this case. We do determine, however, that the case is not such that it precludes the possibility of defendant's success upon either of the abovementioned theories. Having so concluded, it would be improper for us to direct a judgment in favor of the plaintiff.

Neither do we hold that the admission of statements and representations made by the seller's agent is wholly improper in this case. Such statements, while not admissible for the purpose of establishing an express oral warranty, may be very material in connection with proof of fraud.

We also deem it appropriate to mention at this point that the fact that a modification of the contract was made and agreed upon between the parties subsequent to the discovery of the defect in the merchandise sold does not prevent the defendant from presenting the defenses herein indicated, providing the defendant, at the time such modification in the agreement was made, had obtained from the plaintiff or seller a promise that the defect would be remedied and was laboring under the belief that such

promise would be kept. See Fairbanks, Morse & Co., v. Miller et al., 80 Okla. 265, 195 P. 1083.

For the reasons stated, it is necessary to reverse this case, with directions that a new trial be granted. It is so ordered.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.