## ROHLAND v. INTERNATIONAL HARVESTER CO. OF AMERICA.

No. 27455.  March 1, 1938.

C. B. Holtzendorff, for plaintiff in error.

John A. Haver and Shirk & Bridges, for defendant in error.

OSBORN, C. J.  This is a suit brought by the International Harvester Company of America, a corporation, defendant in error herein, plaintiff below, against George W. Rohland, plaintiff in error, defendant below, upon two promissory notes and to foreclose a chattel mortgage on a tractor and thresher given as security for payment of the aforesaid notes. We shall hereafter refer to the parties as they appeared in the trial court.

Upon trial the jury rendered a verdict in favor of the defendant for possession of the tractor or its value and in favor of the plaintiff for possession of the thresher. Whereupon plaintiff filed a motion for a new trial and also moved for judgment notwithstanding the verdict. The trial court denied the motion for a new trial, but rendered judgment non obstante veredicto in favor of the plaintiff for possession of both the tractor and thresher. It is from this judgment the defendant appeals.

Unless the plaintiff was entitled to judg-

ment on the pleadings or the jury returned special findings of fact contrary to the general verdict, the trial court erred in rendering judgment non obstante veredicto. Myrick v. City of Tulsa, 175 Okla. 647, 54 P.2d 330. As no special findings were made, it follows the trial court rendered judgment upon the theory that the plaintiff was entitled to judgment on the pleadings, although the court had previously, during the trial, denied a motion for judgment on the defendant's opening statement, overruled a demurrer to defendant's evidence, and denied a motion for an instructed verdict in favor of the plaintiff. On a motion to render judgment non obstante veredicto or on the pleadings, the court should construe the allegations of the answer liberally in favor of the pleader and should sustain the motion only when the answer is so defective that, admitting the allegations of the answer to be true, the court is authorized in concluding that no defense is pleaded. Metal Door & Trim Co. v. Hunt, 170 Okla. 240, 39 P.2d 72.

Plaintiff's petition contains the usual allegations of an action upon a promissory note and in replevin. Plaintiff does not allege itself to be a holder in due course of the promissory notes.

The defendant by his answer admits the execution of the notes and mortgage, but pleads breach of warranty and failure of consideration, and fraud in procuring the renewal note and mortgage on the tractor. Eliminating the formal allegations, the substance of defendant's answer is that he purchased the thresher from L. A. Lafferty, agent of the plaintiff, on June 10, 1933, and in payment therefor executed three promissory notes due September 1, 1933, 1934, and 1935; that upon receiving the thresher in July or August, 1933, defendant tested the machine and upon finding it so defective that it would not perform the functions for which it was warranted and sold, immediately notified plaintiff, its agent and employee, both orally and in writing; that plaintiff promised and agreed to remedy the defects, and relying thereon, defendant paid the first note due September 1, 1933; that thereafter, plaintiff failing in its attempts to remedy the defect, defendant refused to pay the second note due September 1, 1934, but on January 9, 1935, defendant executed a renewal note for the one in default and gave additional security therefor by executing a mortgage on his tractor; that plaintiff promised and agreed and represented that if defendant would execute the above instruments, it would either repair the thresh-

er so that it would properly operate or replace said machine with another in good condition; that plaintiff by its agent and employee made these representations and promises, without any intention of performing them, for the sole purpose of inducing the defendant to execute the renewal note and mortgage; that defendant executed these instruments solely because of his reliance upon the aforesaid representations and promises; that plaintiff refused to either remedy the defective machine or replace it with another and as a consequence said thresher is wholly without value to said defendant; that defendant thereupon refused to pay either the renewal note or the third original note; that at various times after discovery of defects defendant tendered the return of said machine to the plaintiff, its agents and employees, but that he was induced to retain possession of it by the plaintiff.

Plaintiff contends that the defendant cannot maintain these defenses because retention of the machine waived the breach of warranty, and for the further reason that the renewal note specifically provided defendant waived all existing defenses to payment.

The warranty and agreement indorsed on the back of the purchase order provided:

"* * * Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the purchaser shall not be considered a waiver of this provision."

Retention of the defective machine, notwithstanding the aforesaid provision, under previous decisions of this court, does not waive the purchaser's right to rescind the contract for breach of warranty where the retention was at the instance and request of the seller and for the benefit of the seller in his endeavors to remedy the defective machine so that it would properly perform the functions for which it was warranted and sold. Hart-Parr Co. v. Duncan, 75 Okla. 59, 181 P. 288; 4 A. L. R. 1434; Fairbanks-Morse & Co. v. Miller, 80 Okla. 265, 195 P. 1083; Oklahoma Improved Seed Co. v. Smith, 175 Okla. 64, 51 P.2d 563; Advance-Rumely Thresher Co. v. Yancey, 100 Okla. 197, 229 P. 149; Advance-Rumely Thresher Co. v. Welch, 165 Okla. 94, 25 P.2d 58.

Nor will part payment of the purchase price and renewal of a note given in payment for chattels operate as a waiver of the defense of breach of warranty, if it is understood and agreed between the parties at the time of the execution and delivery of

the renewal note that the seller will repair and place the property in condition to properly perform the services for which it was sold. Rudolph Wurlitzer Co. v. Allred, 120 Okla. 3, 249 P. 724; Fairbanks, Morse & Co. v. Miller, supra.

The inclusion of the provision in the renewal note "in consideration of the renewal of the note and extension of the time for payment the defendant expressly waives all defenses to the payment thereof" does not estop the defendant from pleading fraud in the execution of said instrument. This court has held that false promises to perform something in the future as an inducement to obtain a contract constitutes cognizable fraud. Sooner Bond Co. v. Davis, 177 Okla. 143, 58 P.2d 300; C. I. T. Corp. v. Shogren, 176 Okla. 388, 55 P.2d 956; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765. Also see Moore v. Wade (Ark.) 186 S. W. 828; International Harvester Co. v. Thomas (N. D.) 176 N. W. 523; Schmidt & Story v. Bank, 234 U. S. 64, 34 S. Ct. 730, 58 L. Ed. 1214.

The judgment of the trial court is therefore reversed and remanded, with directions to the trial court to reinstate the verdict of the jury and render judgment in accordance therewith.

BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.