## BEARD et al. v. W. T. RAWLEIGH CO.

No. 19003. Opinion Filed March 26, 1929.

Rehearing Denied May 28, 1929.

H. W. Sifton and Womack, Brown & Cund, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

HERR, C. This is an action brought by W. T. Rawleigh Company in the district court of Stephens county against W. E. Beard, J. B. Cate, and Ed Martin, to recover on a written agency contract and bond. The contract was executed by defendant Beard, and under the terms thereof certain merchandise was consigned to him for sale, the proceeds arising therefrom to be remitted to plaintiff.

At the time suit was filed defendant Beard was indebted to plaintiff in the sum of $1,-393.13. Defendants Cate and Martin executed a bond to plaintiff guaranteeing faithful performance of the contract.

The sureties pleaded settlement and release from all liability. It is alleged by them that after default on the part of defendant Beard, they were approached by an agent of plaintiff for a settlement of the indebtedness of said defendant; that they had, at said time, control of certain accounts payable to the said defendant Beard; that an agreement was entered into between them and said agent that if said defendants would pay the sum of $244.33 in cash and relinquish to plaintiff these accounts, plaintiff would release them from all liability on the bond; that such sum has been paid and the accounts relinquished in accordance with the agreement; that plaintiff, in consideration thereof, agreed to and did release them from all liability.

Defendant Beard pleaded a modification of the contract and extension of time of payment. The trial court sustained a demurrer to the evidence as to defendant Beard. The issues as between plaintiff and defendants Cate and Martin were submitted to a jury resulting in a verdict in favor of said defendants. Thereafter, and on motion of plaintiff, judgment notwithstanding the verdict was rendered in favor of plaintiff and against said defendants. Defendants appeal.

No errors are assigned as to defendant Beard, and as to him judgment must therefore be affirmed.

The answer of defendants Cate and Martin was sufficient to raise an issue, and as against them plaintiff was not entitled to a judgment on the pleadings. There were no special findings. Plaintiff was, therefore, not entit'ed to judgment notwithstanding the verdict. Barnes v. Universal Tire Co., 63

Okla. 292, 165 Pac. 176; McAlester v. Bank of McAlester, 95 Okla. 193, 218 Pac. 839; Odom v. Cedar Rapids Savings Bank, 114 Okla. 126, 244 Pac. 751; Md. Cas. Co. v. Ballard, 126 Okla. 270, 259 Pac. 528.

Plaintiff cites authority to the effect that parol evidence is inadmissible to vary the terms of a written instrument. Authorities are also cited to the effect that a written contract can only be altered by a contract in writing or by an executed oral contract. We fail to see the applicability of these authorities. They are wholly foreign to the question here presented.

The contention that no sufficient consideration is pleaded by defendants' sureties to support a release is not well taken. The cash payment and release to plaintiff of the accounts, held by said defendants' sureties for their protection, is a consideration sufficient to support the release. Defendants' sureties, in their answer, plead that for said consideration plaintiff agreed to and did release them from liability on the bond. It appears quite clear to us that this answer pleads a defense to plaintiff's cause of action.

The court, therefore, erred in rendering judgment notwithstanding the verdict.

As to defendants J. B. Cate and Ed Martin, the judgment should be reversed and the cause remanded, with directions to enter judgment in favor of said defendants in accordance with the verdict of the jury. As to defendant Beard, judgment should be affirmed.

TEEHEE, JEFFREY, HALL, and DIFFENDAFFER, Commissioners concur.

By the Court; it is so ordered.