## STATE ex rel. SHULL, Bank Com'r, v. HINKLE et al.

No. 19500.  Opinion Filed April 29, 1930.

Wm. T. Powell, for plaintiff in error.

Norman & Northcutt, for defendants in error.

HERR, C. This is an action by the state on the relation of C. G. Shull, Bank Commissioner, against W. R. and Lena Hinkle, to recover on a promissory note. The note was executed by defendants on November 23, 1921, to the Chattanooga State Bank for the sum of $387.05, together with 10 per cent. interest and 10 per cent. attorney fees. The bank became insolvent on December 12, 1921, and was taken over by the Bank Commissioner.

The defense was payment. It is alleged that, prior to its insolvency, the bank had taken over certain chattels upon which it held a mortgage to secure the note in controversy, and sold the same for a sufficient amount to liquidate the note, but failed to give defendants credit therefor. The trial was to a jury resulting in a verdict and judgment thereon in favor of defendants. Plaintiff appeals.

When the case was called for trial, and after the jury was impaneled, plaintiff contended that the burden of proof, under the pleadings, was on defendants, and demanded that they be required to go forward with their proof. This was, by the court, denied. Plaintiff, in his brief, argues that this ruling constituted reversible error. He does not, however, assign this ruling as error in his petition in error, nor was it assigned as error by him in his motion for a new trial. The only grounds set forth in his motion for new trial are insufficiency of evidence and admission of incompetent evidence. This question is, therefore, not properly presented to this court for review.

Counsel also challenges the sufficiency of the evidence to sustain the verdict. The only manner in which this matter was raised in the trial court was by motion for a new trial. Counsel neither demurred to the evidence, nor moved for a directed verdict. In his petition in error, however, he assigns as error the overruling of his demurrer to the evidence and the overruling of his motion for a directed verdict. The record discloses no such proceedings, and notwithstanding the fact that defendants, in their brief, call attention to this matter, no suggestion is made that the record is incomplete. We must, therefore, assume that the record correctly reflects the proceedings. In this condition of the record, under repeated holdings of this court, we are precluded from considering this question.

Plaintiff next assigns as error the admission of certain evidence. It appears that the note in question is a renewal of a prior note executed by defendants in the sum of $663.40 and to secure which the bank took a chattel mortgage on certain live stock. It was the contention of the bank that the mortgaged property was sold prior to the execution of the renewal note and the proceeds thereof applied on the old note, thus reducing the amount to the sum for which the renewal note was given. On November 23, 1921, the bank wrote defendants a letter stating that the property covered by the mortgage was sold and credit therefor given on the old note, and after allowing such credit there remained a balance due of $387.05; enclosed a note for this sum and a mortgage securing the same for execution by defendants, which papers were executed and returned to plaintiff with a written notation on the back of the letter admitting indebtedness in the said amount to the bank.

At the trial, defendant W. R. Hinkle was permitted to testify, over the objection of plaintiff, that the credit appearing on the original note was cash paid by him, and that the mortgaged property was sold subsequent to the execution and delivery of the note in question, and that he received no credit for the proceeds thereof. The ground of the objection was that this evidence tended to vary and contradict the terms of a written instrument. It is argued that the letter and the notation written on the back thereof amounted to a written agreement that defendants were at said time indebted to the bank in said sum, and that such agree-

ment could not be varied or contradicted by parol evidence. We fail to see the force of this objection. Defendants, as before stated, contended that the credit on the old note consisted of a cash payment made by them; that the mortgaged property was sold after execution and delivery of the note in question. In our opinion, they had a clear right to make this proof, notwithstanding the letter written by the bank indicating that such property had been sold prior to the execution of the new note and credit given for the proceeds. This evidence was clearly competent and properly admitted. Its weight was a question for the jury. The jury having found for defendants, and the sufficiency of the evidence upon which to submit the case to the jury not having been properly challenged in the trial court, we cannot here review the same.

Plaintiff finally assigns as error the overruling of his motion for judgment notwithstanding the verdict. This assignment is not well taken. The answer stated a complete defense to plaintiff's cause of action. Judgment notwithstanding the verdict, in the absence of special findings, is only permissible, under our practice, where the moving party is entitled to judgment on the pleadings. Dill v. Johnston, 94 Okla. 264, 222 Pac. 507; and McAlester v. Bank of McAlester, 95 Okla. 193, 218 Pac. 839. Judgment should be affirmed.

BENNETT, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (3) 15 R. C. L. p. 607; R. C. L. Perm. Supp. p. 3962. See "Appeal and Error," 3 C. J. §849, p. 960, n. 79; §1462, p. 1330, n. 44; 4 C. J. §2617, p. 706, n. 2. "Evidence," 22 C. J. §1577, p. 1181, n. 68. "Judgments," 33 C. J. §112, p. 1180, n. 20.