### DIAMOND v. ENID MILLING CO.

No. 20000.   Opinion Filed May 19, 1931.

Sam P. Ridings, for plaintiff in error.

Simons, McKnight, Simons & Smith, for defendant in error.

RILEY, J. Plaintiff in error commenced this action against A. Rogers and the Enid Milling Company to recover the sum of $314.51 for alleged conversion of certain

wheat upon which plaintiff held a chattel mortgage. Rogers was the mortgagor and did not contest the action and is not a party to this appeal.

But two questions are presented: First, alleged error in refusing to direct a verdict for plaintiff; and, second, alleged error in denying a request for judgment for plaintiff notwithstanding the verdict.

The chattel mortgage under which plaintiff claims was given January 18, 1923, to the Hub Department Store of Nash, Okla., a copartnership composed of H. E. Alderson and H. B. Diamond, and covered two-thirds of 214 acres of growing wheat. The execution and record of the chattel mortgage is admitted, as well as the purchase of the wheat, or nearly all thereof, by defendant milling company. At the time the wheat was harvested and purchased by defendant the above-named partnership owned the note and mortgage. It was subsequently assigned to one of the partners, H. B. Diamond, the plaintiff.

The only controverted question raised by the pleadings and evidence is whether or not the mortgagee consented to the sale of the wheat by the mortgagor and to the application of the proceeds to other indebtedness of the mortgagor. Upon this question the evidence is in direct conflict. Both plaintiff and H. E. Alderson testify positively that they did not give their consent to the sale of the wheat by Rogers, nor to the application of the proceeds thereof to any indebtedness of the mortgagor, other than that represented by their note and mortgage. The testimony of plaintiff, however, shows that he knew the wheat was being sold by Rogers. He testified that he went to the farm while the wheat was being threshed and that Rogers was then hauling it to the Enid Milling Company, and he spoke to a Mr. Hayes (who owned the farm) about it; but did not speak to Rogers at that time. Rogers was a witness for defendant and testified, in substance, that before the wheat was ready to harvest he had a conversation with plaintiff and H. E. Alderson at their store in Nash at which he informed them that he did not have the money to pay the expense of harvesting the wheat; that if he could not get some money he did not intend to harvest it; that they told him that "Jake" Alderson, a brother of H. E. Alderson, would furnish him the money; that upon this suggestion he went to see "Jake" Alderson, and borrowed something over $300 for the purpose of harvesting and marketing the wheat; that he already owed the bank in which Jacob Alder-

son was interested $1,550, for which it held mortgages on the wheat crop, one of which, amounting to $525, was prior to that of plaintiff; that about three days before the milling company paid him for the wheat, and while he was hauling the same to the elevator he had a conversation with H. E. Alderson in the presence of plaintiff in their store at Nash in which H. E. Alderson asked him if he was going to have enough money to "pay off"; that he told them he would not, that he "would lack $1,000"; that he asked them, "Who am I going to pay first, you or Jake?" to which Alderson replied, "Pay Jake"; that he asked them specifically which he should pay first, them or the bank, and that Alderson said, "Pay Jake first, if we can get him started we can get along." The proceeds of Rogers' part of the wheat was insufficient to pay the expense of harvesting, threshing, and marketing the wheat and the $1,550 which he owed the bank and pay anything upon plaintiff's note. Rogers testified he paid out practically all of the proceeds of the wheat in repaying the money advanced for harvesting and marketing the wheat, the threshing bill, and the $1,550 due the bank.

With this conflict in the evidence it is the plain duty of the trial court to submit the case to the jury, which was done by appropriate instructions not excepted to by plaintiff. There was no error in denying the request of plaintiff for a directed verdict.

On the question involved under the assignment going to the overruling of the motion for judgment for the plaintiff notwithstanding the verdict, this court has, a number of times, held that, unless the party moving for such a judgment be entitled to a judgment upon the pleadings or there are special findings of fact by the jury contrary to the general verdict, such motion should be denied. Eldridge v. Vance, 138 Okla. 201, 280 Pac. 570, and cases therein cited; St. L.-S. F. Ry. Co. v. Eakins, 141 Okla. 256, 284 Pac. 866. In this case plaintiff did not ask for judgment upon the pleadings. Had he done so, his request should have been denied. He does not here contend that he was entitled to judgment on the pleadings. There was no special finding by the jury contrary to the general verdict. It follows that there was no error in denying the motion for judgment notwithstanding the verdict.

The judgment is, therefore, affirmed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

·CLARK, V. C. J., absent, not participating. SWINDALL, J., disqualified.