## MYRICK v. CITY OF TULSA.

No. 23727.    Feb. 4, 1936.

Ellis A. Robinson and Quincy J. Jones, for plaintiff in error.

H. O. Bland, Bert E. Johnson, O. H. Searcy, C. L. Hamilton, and Edna Claire King, for defendant in error.

PHELPS, J.    The plaintiff recovered a verdict against the defendant city for personal injuries caused by the latter's negligence.    The trial judge then sustained defendant's motion for judgment notwithstanding the verdict, and the plaintiff appeals from that order.    The appeal is by transcript, containing none of the evidence.

The facts are:    On May 23, 1930, plaintiff filed her petition in which it was alleged that the act of negligence, resulting in her injury, occurred on November 8, 1923. Therefore her cause of action was barred by the two-year statute of limitation unless the petition on its face alleged facts indicating otherwise.    This the petition did.    It alleged that on June 10, 1924, she filed her petition in cause No. 27258, against this same defendant, the facts therein stated being the same as those alleged in the present cause of action, and that she dismissed that action on September 21, 1929 (defendant's answer admitted that the dismissal was without prejudice).    The present action was therefore commenced within one year following the dismissal of the former action (see sec. 106, O. S. 1931).

The defendant interposed a demurrer to the present petition, which was overruled. Thereafter the defendant filed an answer in which, among other defenses, the defense evidenced by the following paragraphs was set forth:

"For further answer, defendant states that said plaintiff in her petition heretofore filed June 10, 1924, in the district court of Tulsa county, being cause No. 27258, wherein she sought to recover damages for the alleged injuries as set out in her alleged cause of action in this case, did not state a cause of action, and that no cause of action, if any, was stated by plaintiff until after her said amended petition in case No. 27258 was filed on date of June 5, 1926; that the alleged injury complained of occurred on or about November 18, 1923, and that said alleged cause of action set forth and described in her amended petition in case No. 27258 did not accrue to said plaintiff at any time within two years next before the filing of said amended petition, and that said alleged cause of action in case No. 27258 and in this case is barred by the statute of limitations in such cases made and provided for.

"For further answer, defendant states that in said cause 27258, involving the same alleged cause of action as in this case, a special demurrer of the defendant, city of Tulsa, to plaintiff's amended petition was sustained by the court on the 21st day of September, 1929, and that plaintiff dismissed her said cause without prejudice after the defendant's special demurrer had been sustained by the court; that said cause 27258 was determined upon the merits and that the alleged cause of action in this case is thereby barred by the statute of limitations in such cases made and provided."

The plaintiff then filed a reply, consisting of a general denial of all of the new matter alleged in said answer. Thereafter the defendant filed an amendment to its answer. The record does not show that plaintiff was served with notice of this amendment. The record further shows that this pleading was an amendment to the answer, as distinguished from an amended answer. The plaintiff failed to file a reply to the amendment, although, as above stated, she had filed a reply to the answer itself.

The theory of defense set forth by the answer is that (a) plaintiff's former action was barred by the statute of limitations because of the fact that her original petition, filed within time, did not state a cause of action, and that no cause of action was stated by her at all until she filed her amended petition on June 5, 1926, more than two years after the injury, and that therefore the former cause of action, as well as this cause of action, was barred by the statute of limitations; (b) that when plaintiff dismissed without prejudice her former cause of action immediately after the court had sustained defendant's special demurrer, the effect was a decision on the merits, and therefore the issues became res adjudicata. It is to be noted that in the instant petition no mention was made of the detailed events in the former action, such as the filing of the amended petition on June 5, 1926, and the court's sustaining defendant's special demurrer immediately preceding plaintiff's dismissal of that action. The only place we find these averments is in the defendant's answer, and amendment thereto.

The action of the lower court, and the contention of the defendant, are necessarily founded upon the assumption that those allegations relied upon by defendant as a defense must be taken as true, for the purpose of determining the effect of the admissions contained in the pleadings, because of the fact that plaintiff failed to file a reply to the amendment to the answer. Therefore, it is unnecessary to decide the legal effect of the former action, until we first determine whether defendant's allegations in that respect must be taken as true, for the purpose of determining the admissions contained in the pleadings. This all hinges on whether the reply to the answer served also as a reply to the amendment to the answer.

Where an amended answer states substantially the same defense as the first answer, the reply to the first answer may be treated as a reply to the amended answer.

Bilby v. Halzell, 105 Okla. 215, 232 P. 379. See cases and authorities cited therein. The question then becomes: Were the matters as set forth in the amendment to the answer substantially the same defense as the defense contained in the original answer? A careful study of the pleadings necessarily requires that this question be answered in the affirmative. The amendment to the answer was merely an elaboration of that portion of the original answer which is copied above in this opinion, and in addition it appended as exhibits the special demurrer and the order sustaining it. Neither the special demurrer, which was attached to the amendment, nor the order of the court sustaining it, reveals any fact adding to or changing the general allegations of the answer itself. Both are couched in very general terms, in fact, in more general terms than the allegations contained in the original answer. Therefore those allegations upon which the defendant relied for a defense were not admitted by the plaintiff, for the reason that plaintiff had already filed a reply which had the effect of controverting said allegations. They were, then, not admitted on the face of the pleadings.

We have repeatedly held that in the absence of special findings, the trial court is without jurisdiction to enter a judgment notwithstanding the verdict, unless it is warranted by the pleadings. In other words, where the court has permitted the issues to go to the jury, and the jury has then returned its verdict, there are two conditions under which the court has power to render a judgment non obstante veredicto: (1) Where such party would be entitled to judgment on the pleadings, and (2) where there are special findings of fact contrary to the general verdict. Hanna v. Gregg, 92 Okla. 34, 217 P. 434; McAlester v. Bank of McAlester, 95 Okla. 193, 218 P 839; Diamond v. Enid Milling Co., 149 Okla. 61, 299 P. 440. It follows that, since the defense upon which defendant depended was controverted by the reply of plaintiff, defendant was not entitled to a judgment upon the face of the pleadings, even assuming that it constituted a defense, which is not here decided, and that therefore it was error for the trial court to render judgment notwithstanding the verdict. Accordingly, it is our duty to reverse the judgment and remand the cause, with directions to enter judgment in accordance with the verdict. It is therefore so ordered.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.