## MARTIN v. NATIONAL BANK OF CLAREMORE.

No. 24457.   Jan. 25, 1938.

Rehearing Denied March 8, 1938.

Kight, Johnson & Kight, for plaintiff in error.

Robson & Bassman, for defendant in error.

DAVISON, J. In this action, the plaintiff, H. M. Martin, filed suit against the National Bank of Claremore to recover $1,864.16 principal and $1,054.81 interest for money alleged to have been deposited on time deposit certificates at 4 per cent. interest per annum in the defendant bank on and between the respective dates of October 31, 1917, and September 2, 1921. The cause was tried to a jury and a verdict rendered in favor of the plaintiff on September 29, 1932, in the sum of $1,117.66.

A motion for a new trial and a motion for judgment notwithstanding the verdict were both filed by the defendant on September 30, 1932. On October 28, 1932, the court heard the motion for judgment notwithstanding the verdict and sustained the same and set aside the verdict of the jury.

On October 28, 1932, the plaintiff filed a motion for a new trial and on the same day it was overruled by the court, and the plaintiff brings this appeal.

The plaintiff contends that there is but one error to complain of, which is the action of the court in rendering judgment non obstante veredicto. He further contends that the question of the statute of limitations does not occur in the case, further than to ascertain if the pleadings in the

case warranted the conclusion by the court that the statute of limitations had run against the transaction, in the absence of a special finding of such fact by the jury under instructions from the court.

Since the verdict of the jury was set aside by the trial court solely upon the ground that the cause of action sued upon was barred by limitation before the suit was instituted, let us review the pleadings and see if they contain such allegations of fact as show the running of the statute prior to the filing of the suit. If such is true, the trial court should have sustained the defendant's demurrer on that ground, and having failed to do so, should have sustained defendant's demurrer to the testimony.

The plaintiff alleged in his petition that he deposited certain funds in the defendant bank on time deposit to bear interest at 4 per cent. per annum; that the first deposit was made October 31, 1917, and last on September 22, 1921, and that none of the money so deposited had been withdrawn; that during the month of August, 1931, the plaintiff made demand upon defendant for the money and payment was refused.

The defendant filed its answer, denying generally, and further alleging, in substance, that on September 21, 1917, at the plaintiff's solicitation, the president and cashier of the defendant bank executed a bond of indemnity to the Prairie Oil & Gas Company to protect it in the payment of certain oil income to the plaintiff or to his credit; that in return for the sureties executing such bond with the plaintiff, the plaintiff agreed to deliver to the sureties for deposit all of the money which might be paid by the Prairie Company as contemplated by the bond, to be held until the liability on the bond ceased, at which time the sureties should pay said money to the plaintiff, together with interest at 4 per cent. per annum during the period of time the money was so held; that the money was paid, and by the plaintiff delivered to the sureties and by them properly credited to the time deposit account for plaintiff in the defendant bank. That on or about September 15, 1925, the purpose for which the bond was executed was accomplished and the obligation ceased and the plaintiff demanded from the sureties the balance of the money due him under the terms of the agreement, and that the balance due plaintiff from and under said time deposit account, together with interest, was deposited to the credit of the plaintiff in his personal checking account and there-

after used by the plaintiff and that his time deposit account was closed September 15, 1925, and has since remained closed.

The defendant further answered alleging that since about 1915 the plaintiff had carried an account with defendant bank and that monthly statements were sent to the plaintiff with request that they be examined and that if no error was reported in ten days the account would be considered as correct; that the last of such statements was sent to the plaintiff on or about the 15th day of September, 1925, and that no error was ever reported nor request for money not shown in such statement until the filing of this suit, six years thereafter. The defendant then alleged that the cause of action attempting to be set up is barred by the statute of limitations.

In plaintiff's reply he denied all of the allegations of the defendant's answer, except that part relative to the indemnity bond which was made by the officers of the defendant bank to protect the Prairie Oil & Gas Company in its payment of oil runs to the plaintiff on lands in litigation. The plaintiff admitted that the money was paid by the Prairie Oil Company and deposited for his benefit and was to remain on deposit at 4 per cent. per annum until such time as the obligation on the indemnity bond would be released and discharged, and admitted the discharge of the bond, but denied that any portion of said fund had ever been withdrawn by him and he did not ask to withdraw same until August, 1931.

The right to a judgment notwithstanding the verdict of the jury is based upon the pleadings showing issues or want of issues presented which would entitle one of the parties to a judgment upon the pleadings. A judgment upon the pleadings is not rendered because of a lack of evidence or proof, but because of a lack of issues of fact and which presents merely a question of law. Mires v. Hogan, 79 Okla. 233. 192 P. 811.

Where a petition states a cause of action and the answer fails to set up a legal defense, judgment on the pleadings for plaintiff may properly be rendered. Smith v. First. Nat. Bank, 169 Okla. 90, 36 P.2d 27. In the instant case it cannot be successfully contended that the plaintiff's petition did not state a cause of action against the defendant. Neither the petition nor the reply contains allegations showing the cause of action barred by the statute of limitations which might present only a question of law to be determined by the court. Neither

can it be said that the answer of the defendant fails to set up a defense, which, if proved as alleged, would entitle the defendant to a judgment in its favor. The petition and answer, together with the reply denying allegations of new matters in the petition, have presented controverted questions of fact which could be properly determined only by testimony, and a judgment on the pleadings would have been reversible error. Peck v. First Nat. Bank of Claremore, 50 Okla. 252, 150 P. 1039.

Section 429, O. S. 1931, provides:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

In Beard v. W. T. Rawleigh Co., 136 Okla. 165, 277 P. 657, this court, following many former decisions of this court, held:

"In the absence of special findings, it is error to render judgment notwithstanding the verdict unless the party in whose favor such judgment is rendered is entitled to judgment on the pleadings."

More recent decisions of this court to the same effect include: Diamond v. Enid Milling Co., 149 Okla. 61, 299 P. 440; State v. Hinkle, 143 Okla. 33, 287 P. 722; Eldridge v. Vance, 138 Okla. 201, 280 P. 570; Queen Insurance Co. of America v. Baker, 174 Okla. 273, 50 P. (2d) 371. The latest expression of this court upon this question seems to be Myrick v. City of Tulsa, 175 Okla. 647, 54 P. (2d) 330, wherein this court held:

"When jury has returned its verdict, trial court is without jurisdiction to enter judgment non obstante veredicto unless (1) party in whose favor judgment is rendered would be entitled to judgment on the pleadings, or (2) the jury has returned special findings of fact contrary to the general verdict."

A motion for a judgment notwithstanding the verdict does not present for consideration errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict. Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 P. 176; Bank of Commerce of Sulphur v. Webster, 70 Okla. 68, 172 P. 943.

This court has held that a motion for judgment notwithstanding the verdict should be overruled, where there is any competent evidence reasonably tending to support the verdict of the jury. Stanfield v. Lincoln, 150 Okla. 289, 1 P. (2d) 387; Oklahoma Produce Co. v. Cotton Products Co., 111 Okla. 257, 239 P. 656.

The judgment of the trial court, rendering judgment notwithstanding the verdict of the jury shows conclusively that it was based upon the testimony tending to show that the plaintiff's cause of action was barred by the statute of limitations in the plaintiff's failing to ask for the money placed to his credit on time deposit after the obligations under which it had been placed had ceased, or that he had asked for same and, in either event, had failed to bring suit to collect same during the statutory period. Quoting from the judgment, we find the following language:

"Let the record further show that the court holds that under the uncontradicted proof in this case the cause of action pleaded and attempted to be proven by the plaintiff, is barred by the statute of limitations, and that it is for that reason and that reason alone that the court vacates and sets aside the verdict of the jury and now renders judgment in favor of the defendant."

The defendant contends that the right of a trial court to set aside a verdict of a jury and render a judgment notwithstanding the verdict, on other grounds than upon the pleadings or special findings by the jury, is supported by the holding of this court in Schafer v. Midland Hotel Co., 69 Okla. 201, 171 P. 337. In this case the verdict of the jury was in favor of the defendant and the plaintiff filed a motion for judgment notwithstanding the verdict and the same was by the court overruled. The plaintiff appealed. This court, speaking through the opinion of the commissioner, said:

"The only question raised and presented to the trial court was a challenge to the sufficiency of the evidence to sustain the verdict of the jury. This requires an examination of the record by this court to determine whether or not there is any legal evidence to support the verdict."

The court had failed to instruct the jury to find for the plaintiff and against the defendant. The plaintiff, after the verdict, then filed his motion for judgment notwithstanding the verdict and the same being overruled, filed his motion for a new trial setting up various reasons why the judgment should be set aside, among which were:

"Fourth: The verdict is not sustained by sufficient evidence."

"Sixth: The verdict is against the evidence in the case."

### Error of Law:

3. "The failure of the court to instruct

the jury to find for the plaintiff, as against the defendant, the Midland Hotel Company."

The motion for a new trial did not assign as an error of the court and cause for reversal of the judgment, the failure to set aside the verdict of the jury and enter a judgment notwithstanding the verdict on grounds allowed by statute. The error complained of was the failure of the trial court to instruct the jury to render a judgment for the plaintiff, and the failure of the court to correct such error, after the verdict, in not setting the verdict aside and rendering judgment for the plaintiff, where, as alleged, the evidence was shown to be insufficient to warrant the verdict. In that case this court could settle the issue presented only by determining the sufficiency of the testimony and in doing so determined that the jury was not justified in rendering the verdict on such testimony and that the court should have refused to follow it, and held that the trial court should have sustained the motion of the plaintiff for judgment notwithstanding the verdict. That holding amounted merely to reversing the lower court for failing to give an instructed verdict, or allowing insufficient evidence to go to the jury.

In the instant case, the only action of the court to appeal from or to be assigned as error was the action of the court in setting aside the verdict of the jury and granting a judgment for the defendant on grounds other than authorized by the statute. Such authority on part of the trial court is denied and it is the only question presented for our determination.

It is true that, in the instant case, the defendant made a motion for judgment notwithstanding the verdict of the jury, but that was not sufficient to challenge the sufficiency of the evidence. As we have stated herein, such a motion does not raise the question of the sufficiency of the evidence to sustain a verdict. Oaks v. Samples, 57 Okla. 660, 157 P. 739; Barnes v. Universal Tire Protector Company, supra; Bank of Commerce of Sulphur v. Webster, supra. Any language in Schafer v. Midland, supra, to the contrary is disapproved. The trial court could not consider the evidence introduced in passing upon such motion, and in basing its judgment solely upon the testimony rather than the pleadings, the court went beyond its jurisdiction and committed error.

The judgment is reversed and the cause remanded to the trial court with instructions to set aside the judgment sustaining the defendant's motion for judgment notwithstanding the verdict of the jury, and with further instructions to rule upon the defendant's motion for new trial.

WELCH, CORN, GIBSON, and HURST, JJ., concur.