## NATIONAL MUTUAL CASUALTY CO. v. HARMON et al.

No. 30072. May 20, 1941.

113 P. 2d 597.

Everett Petry, of Tulsa, for plaintiff in error.

M. A. Dennis, of Okmulgee, for defendants in error.

PER CURIAM. The plaintiff filed an action to recover $200, representing premiums alleged to be due on a contract of insurance. and the defendants filed an answer and cross-petition in which they sought judgment for $196.75. A verdict was returned by the jury for $200, the amount sued for by the plaintiff. Defendants filed a motion for judgment notwithstanding the verdict, and the court set aside the verdict and entered judgment for the defendants for $196.75.

By the pleadings there was presented a contested question of fact. The question was determined by the jury in favor of the plaintiff. No special finding of fact was made by the jury.

The trial court erred in setting aside the verdict and entering judgment for the defendants on the answer and cross-petition unless as a matter of law the defendants were entitled to a judgment on the pleadings. The defendants admit that the action of the trial court is based upon the holding of this court in Schafer v. Midland Hotel Co., 60 Okla. 201, 171 P. 337. Subsequent to the rendition of that opinion this court considered a similar question in Martin v. National Bank of Claremore, 182 Okla. 217, 77 P. 2d 40. Therein it is stated:

"A motion for a judgment non obstante veredicto does not present for consideration errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict."

The court criticized and disapproved the language in Schafer v. Midland Hotel Co., supra, insofar as it purported to authorize a review of evidence on consideration of a motion for judgment notwithstanding the verdict. Therein the court said:

"In Beard v. W. T. Rawleigh Company, 136 Okla. 165, 277 P. 657, this court, following many former decisions of this court, held: 'In the absence of special findings, it is error to render judgment notwithstanding the verdict, unless the party in whose favor such judgment is rendered is entitled to judgment on the pleadings.'

"More recent decisions of this court to the same effect include: Diamond v. Enid Milling Co. 149 Okla. 61, 299 P. 440; State v. Hinkle, 143 Okla. 33, 287 P. 722; Eldridge v. Vance, 138 Okla. 201, 280 P. 570; Queen Insurance Co. of America v. Baker, 174 Okla. 273, 50 P. 2d 371. The latest expression of this court upon this question seems to be Myrick v. City of Tulsa, 175 Okla. 647, 54 P. 2d 330, wherein this court held: 'When jury has returned its verdict, trial court is without jurisdiction to enter judgment non obstante veredicto, unless (1) party in whose favor judgment is rendered would be entitled to judgment on the pleadings, or (2) the jury has returned special findings of fact contrary to the general verdict.'

"A motion for judgment notwithstanding the verdict does not present for consideration errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict. Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 P. 176; Bank of Commerce of Sulphur v. Webster, 70 Okla. 68, 172 P. 943."

For error in rendering judgment notwithstanding the verdict the cause is reversed and remanded, with directions to the trial court to set aside the judgment for the defendants and to enter judgment on the verdict.

Reversed and remanded, with directions.

CORN, V. C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur.