PEOPLES ELECTRIC CO-OPERATIVE v. BROUGHTON.

No. 30837. June 9, 1942.

Rehearing Denied July 13, 1942.

*127 P. 2d 850.*

230

Busby, Harrell & Trice, of Ada, and Peyton Brown, of Blackwell, for plaintiff in error.

Wimbish & Wimbish and Moss Wimbish, all of Ada, for defendant in error.

ARNOLD, J. This is an action for personal injuries brought on behalf of a minor, by next friend, in the district court of Pontotoc county. The issues were developed in the usual manner (motion, demurrer, answer and reply filed), and the cause came on for trial; both parties announcing ready, the cause was tried to a jury. The jury returned its verdict December 10, 1941. The clerk's minutes show, as the last entry after verdict of the jury, a motion for judgment notwithstanding the verdict of the jury filed December 16th. The succeeding minute shows journal entry of judgment was entered December 16th. It renders judgment in accordance with the verdict of the jury. Just preceding the signature of the trial judge is this sentence: "10th day of December, 1941."

Pending hearing on the motion for "judgment notwithstanding the verdict" filed just before the entry of judgment, execution was issued and returned "no property found," and thereafter garnishment was issued to two banks in Ada, Okla. According to their answers they possessed enough money belonging to the defendant company to pay the judgment.

The plaintiff moved to strike the motion for judgment notwithstanding the verdict, and this motion, together with the motion for judgment notwithstanding the verdict, was heard by the court January 7, 1942, and both motions denied. The defendant gave notice of appeal on this date; asked for and received extension of time and requested stay of execution pending the giving of a bond. The application for stay of execution was taken under advisement by the court. On January 12th the defendant below filed a surety bond (the sufficiency thereof is not questioned). On January 29th the plaintiff below made application for an order requiring the banks, garnishees, to pay funds into court. The next day the defendant filed its application to vacate and discharge the garnishment proceedings and asked the court to require the clerk to approve the bond then on file. On February 4th the court overruled the motion of the defendant to discharge the garnishment

proceeding and its application for stay of execution and sustained the motion of the plaintiff for an order directing the garnishees to pay the moneys into court. It ordered each bank to pay into court $3,500. Defendant served exceptions to the rulings of the court on its motions.

The transcript was filed in this court on February 27th and its "application for supersedeas and stay of execution and other proceedings in the trial court" was immediately made. Plaintiff replied herein to the said application and filed a motion to dismiss appeal.

The foregoing facts are conclusively shown by the record, and there is no contest thereon.

It is the contention of the defendant that a motion for judgment notwithstanding the verdict of the jury is specifically provided by section 429, O. S. 1931, 12 Okla. St. Ann § 698. It reads as follows:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It contends that by said section of the statute there is no time limitation for filing such a motion; that therefore same could be filed any time within term, or at least before judgment is entered by the court. It further contends that such a motion, provided by said section of the statutes, was enacted for the purpose of permitting an appeal on the legal sufficiency of the pleadings, and that the time limitation fixed by statute for the filing of a motion for new trial is not applicable to such a motion. In support of its contention it relies on such cases as: 34 C. J. 44, 55; Anderson v. Rayley, 116 Ore. 113, 239 P. 829; DeWatteville v. Sims, 44 Okla. 708, 146 P. 224; Maroney v. Tannehill, 90 Okla. 224, 215 P. 938; Cockrell v. Schmitt, 20 Okla. 207, 94 P. 521; Boynton v. Crockett, 12 Okla. 57, 69 P. 869; State v. Scott, 35 Wyo. 108 247 P. 699, at 707; Foster v. Leftwich, 52 Okla. 28, 152 P. 583; Beck v. International Harvester Co., 85

Wash. 413, 148 P. 35; Spruce v. Chicago, etc., Co., 139 Okla. 123, 281 P. 586; Nichols v. Bonaparte, 171 Okla. 234, 42 P. 2d 866; Firemen's Fund Ins. Co. v. Griffin, 176 Okla. 94, 54 P. 2d 1032; Bailey v. Willoughby, 33 Okla. 194, 124 P. 955; and Whitaker v. Crowder, 26 Okla. 786, 110 P. 776.

The plaintiff concedes that such a motion is proper for such purposes as contended for by defendant, but contends that it must be filed within three days; that if same is not filed within three days and no motion for new trial has been filed, all errors have been waived and the judgment becomes final at the expiration of the three-day period provided for the filing of a motion for new trial; plaintiff contends that there has never been an attack leveled at the verdict of the jury or the judgment of the court in any manner other than that of the filing of the motion for judgment notwithstanding the verdict as hereinbefore set forth; that therefore the appeal in this case is frivolous and without merit and should be dismissed.

By section 427, O. S. 1931, 12 Okla. St. Ann § 696, it is provided:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved for future argument or consideration."

There is no specific provision of the statute concerning the filing of a motion for judgment notwithstanding the verdict unless it can be said that section 698, supra, relates thereto and authorizes same. Such a motion was generally used at common law and is now generally used in states where the common law is still in force.

We have recognized such a motion in the following cases: Myrick v. City of Tulsa, 175 Okla. 647, 54 P. 2d 330; Queen Ins. Co. of America v. Baker, 174 Okla. 273, 50 P. 2d 371; Beesley v. Wm. A. Nicholson Co., 143 Okla. 270, 298 P. 607; Diamond v. Enid Milling Co., 149 Okla. 61, 299 P. 440; Mason v. McNeal, 187 Okla. 31, 100 P. 2d 451; Roh-

land v. International Harvester Co., 182 Okla. 200, 76 P. 2d 1078; Martin v. National Bank of Claremore, 182 Okla. 217, 77 P. 2d 40, and many other cases.

Section 2, O. S. 1931, 12 Okla. St. Ann. § 2, provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of Oklahoma, but all such statutes shall be liberally construed to promote their object."

Section 3, O. S. 1931, 25 Okla. St. Ann. § 29, provides:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

Section 698, supra, does relate to and authorize the filing of a motion for judgment on the pleadings notwithstanding the verdict of the jury. Thereunder a motion for judgment on the pleadings may be filed before or after return of verdict by the jury. When said section is considered in conjunction with section 696, supra, it is obvious that a motion for judgment notwithstanding the verdict of the jury has for its purpose the direction of the court's attention to errors of law as regards the pleadings as differentiated from errors of law and fact committed during the trial, so that the court may direct the clerk not to enter judgment in conformity with the verdict but reserve same for future consideration. The rendition of a judgment is a judicial act; the entry thereof is ministerial. Abernathy et al. v. Huston, 166 Okla. 184, 26 P. 2d 939; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, 1041; Peck v. Curtis, 31 Cal. 207, 209; Burke v. Burke, 142 Iowa, 206, 119 N. W. 129; Simmons v. Hanne, 50 Fla. 267, 39 So. 77, 78, 7 Ann. Cases 322, and many other cases to the same effect.'

Unless the defendant, in a case triable to a jury, upon the return of the verdict moves the court for judgment notwithstanding the verdict, or in some other appropriate manner requests the court to reserve rendition of the judgment, it is the mandatory duty of the clerk to enter same in conformity with the verdict. In the absence of a motion to reserve rendition of the judgment in the form of a motion for judgment notwithstanding the verdict or in some other appropriate manner, the judgment is, by operation of law, rendered when the verdict of the jury is returned and accepted. See Grzys v. Connecticut Co., 123 Conn. 605, 198 A. 259. If this is not ordinarily the purpose of a so-called motion for judgment notwithstanding the verdict, then such a motion amounts to a motion for new trial for a restricted purpose, but without the limitation of time prescribed for a motion for new trial. Such a construction does not appear reasonable to us.

The verdict in this case was returned and accepted by the trial judge before any motion for judgment notwithstanding the verdict was made or any request made of the judge to reserve rendition of judgment. The judgment was by operation of law rendered December 10, 1941, though the formal entry thereof did not occur until December 16th thereof.

Construing sections 696 and 698, supra, together, motions for judgment notwithstanding the verdict of the jury must be made, as at common law, before rendition of the judgment. If this is done, it serves a purpose that sometimes is not served by a motion for new trial for the reason that a motion for new trial only preserves errors of law or fact occurring at the trial. It was the evident intention of the Legislature that the motion for judgment notwithstanding the verdict of the jury should serve the same purpose served by such motion at common law. The states that have no Code of Civil Procedure but adhere to the common law require that motions for judgment notwithstanding the verdict of the jury must be filed before

judgment is rendered. The general rule is that such a motion must be made immediately after the return of the verdict and before judgment is rendered thereon. See note 95 A.L.R. 429, and the cases therein cited.

As further evidence of the intention of the Legislature that such motions should be so circumscribed, attention is called to section 531, O. S. 1931, 12 Okla. St. Ann § 954, which provides in part as follows:

"The proceedings to obtain such reversal, vacation or modification shall be by a petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court."

The judgment in this case was *rendered* on the 10th day of December; it was formally entered on the 16th, at which time the motion for judgment notwithstanding the verdict of the jury was filed; no notice of intention to appeal to the Supreme Court was given within ten days from either date; notice of intention to appeal, however, was given on January 7, 1942, the date on which the motion for judgment notwithstanding the verdict was overruled. Fundamental errors of law occurring before trial, if saved, and notice of intention to appeal given within ten days after rendition of judgment, may be reviewed and corrected by this court on appeal without a motion for new trial or motion for judgment notwithstanding the verdict of the jury having been filed. DeBerry v. Smith, 2 Okla. 1, 35 P. 578; Bank of Commerce v. Western Union Tel. Co., 19 N. M. 211, L.R.A. 1915A, 120, 142 P. 156. Where no motion for new trial is filed within three days after rendition of judgment, appeal will not lie from errors of law or fact occurring at the trial. Gassaway v. Skiveers, 182 Okla. 9, 75 P. 2d 1149, and many other cases. A motion for judgment notwithstanding the verdict of the jury must be filed before judgment is *rendered.*

(*As distinguished frcm entered.*) If such a motion is not filed before judgment is rendered, the same would have to be filed within three days or it could not even be treated as a motion for new trial. Fundamental errors of law occurring before trial and excepted to by the party aggrieved, if saved, may be passed upon and corrected by the Supreme Court on appeal, if proper notice of intention to appeal is given; but since no motion for new trial nor motion for judgment notwithstanding the verdict of the jury was made or filed within the time required, nor proper notice of intention to appeal given in this case as provided by law, no appeal of this cause has been perfected and this court is without jurisdiction to review the cause for the purpose of correcting any error, either of law or fact, occurring from the inception of this case, and the appeal herein must be dismissed.

RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion. WELCH, C.J., CORN, V. C. J., and HURST, J., dissent.