YOUNG v. UNION CONST. CO. et al.

No. 33288.   March 22, 1949.

*204 P. 2d 283.*

Porter Newman, of Durant, for plaintiff in error.

Roy Paul, Utterback & Utterback, and Priscilla W. Utterback, all of Durant, for defendants in error.

LUTTRELL, J.   This action was brought by plaintiff, E. D. Young, against defendants, Union Construction Company and Paul B. Reis, to recover additional wages claimed to be due plaintiff from defendants because of

the alleged improper classification of plaintiff as a laborer in the construction of a federal project. The amount claimed by plaintiff was $955.53. The trial court submitted the case to a jury, which returned a verdict for $450. Plaintiff filed a motion for judgment non obstante veredicto, which was by the court overruled, and plaintiff appeals.

Plaintiff's petition alleged that defendants were engaged in the construction of a bridge on Highway 70 between Madill and Durant under a contract with the Federal Government; that the schedule of prices per hour which employees were to be paid was agreed upon in said contract, and that the schedule of prices so agreed upon was duly posted on the site of the project; that plaintiff was classified by defendants as a laborer, entitled, under the schedule of prices posted, to 50 cents an hour, but that his actual status on the job was that of a mechanic repairman, for which services he was entitled to $1 per hour. He sought in the action to recover additional compensation of 50 cents per hour for the time during which he was employed.

In their answer defendants denied the allegations of the petition, except that they admitted that plaintiff was employed and that he worked for a certain period of time; that he was classified as a laborer from the time he began work in August, 1942, to December 31, 1942. They alleged that from December 31, 1942, to January 4, 1943, he was rated as a mechanic's helper and paid 60 cents per hour; that he did not own any tools of his own, had never qualified as a mechanic, and that the only time for which he could claim additional pay would be as a mechanic's helper. They further alleged that they owed him nothing. Plaintiff's reply was a general denial. No motion for judgment on the pleadings was filed by plaintiff, nor did he request that any special interrogatory be submitted to the jury, and none was submitted.

In Myrick v. City of Tulsa, 175 Okla. 647, 54 P. 2d 330, we said:

"When jury has returned its verdict, trial court is without jurisdiction to enter judgment non obstante veredicto, unless (1) party in whose favor judgment is rendered would be entitled to judgment on the pleadings, or (2) the jury has returned special findings of fact contrary to the general verdict."

To the same effect is Beard v. W. T. Rawleigh Co., 136 Okla. 165, 277 P. 657; Martin v. National Bank of Claremore, 182 Okla. 217, 77 P. 2d 40; Garrett v. Kennedy, 193 Okla. 605, 145 P. 2d 407, and numerous other cases where the same question was involved. Plaintiff apparently recognizes the force of this rule, but asserts that under the evidence and instructions of the court the general verdict in his favor was equivalent to a special finding that he should have been at all times classified as a mechanic repairman, and that therefore his motion should have been sustained.

We are unable to agree with this contention. Plaintiff does not contend that he was entitled to judgment on the pleadings, and we think that under the pleadings as above set forth, the evidence, and the instructions of the trial court, which were not excepted to by plaintiff, the jury could have found either that plaintiff should have been classified at all times as a mechanic's helper, or that he was entitled to the classification of mechanic repairman for a portion only of the time he worked. The trial court instructed the jury that unless plaintiff proved the allegations of his petition by a preponderance of the evidence, its verdict must be for the defendants; that if it found for the plaintiff it could find for any sum not exceeding $955.53, the amount sued for, and that it could give the testimony of the various witnesses such weight and credit as it considered the testimony of such witnesses entitled

to. Evidently the jury did not consider that plaintiff was entitled to the classification of mechanic repairman during the entire period of his employment by defendants, and rendered its verdict accordingly. The trial court did not err in overruling the motion for judgment non obstante.

Defendants contend in this court that the trial court did not have jurisdiction of the subject matter of the action, citing Kelly v. Grimshaw, 161 Kan. 253, 167 P. 2d 627. In that case the contract between the United States Government and the builder of the federal project was introduced in evidence; and the decision of the court was based upon the provisions of the contract. In the instant case the contract between defendants and the Federal Government was not introduced in evidence, and so far as the record shows the trial court had full and complete jurisdiction to pass upon the issues raised by the pleadings. Defendants in no way raised the issue of lack of jurisdiction over the subject of the action in the trial court. Nor did they appeal or cross-appeal from the judgment of the trial court.

In Wilson v. Duncan, 188 Okla. 456, 110 P. 2d 596, we said that where the judgment of a domestic court of general jurisdiction is valid on its face it will be presumed to be correct until effectively challenged in a proper proceeding to have it set aside or otherwise nullified, citing numerous authorities.

And in Holshouser v. Holshouser, 166 Okla. 45, 26 P. 2d 189, we said:

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal."

Since on the face of the record there is nothing to indicate that the trial court did not have full and complete jurisdiction, we will indulge the presumption that the trial court had jurisdiction to render the judgment it did render, and that by failing to appeal defendants have acquiesced in that judgment and may not question it in this court.

Affirmed.