## ELLIOTT v. MARSHALL.
### No. 35979.

Supreme Court of Oklahoma.
March 2, 1954.

R. M. Mountcastle, Muskogee, for plaintiff in error.

Joe H. Kennedy, Muskogee, for defendant in error.

ARNOLD, Justice.

Clifford C. Elliott filed suit in the District Court of Muskogee County against Ben Marshall to recover on a promissory note executed by him in the sum of $3,112 dated January 3, 1948.

Defendant filed his verified answer consisting of a general denial, and further alleging:

"That the plaintiff and defendant were partners in a used car business during the years 1946, 1947 and 1948, and that they thereby agreed to share the profits and the losses, and that the plaintiff subsequent thereto did allege to the defendant that they had lost some money and that although the plaintiff was entitled to half the profits, the defendant had to take all the losses in spite of their agreement, and relying upon the plaintiff's interpretation of the law, defendant was persuaded by the plaintiff to sign the above note which had been prepared by the plaintiff, when in truth and fact this was not the law and that partners do share the losses, and therefore defendant does allege that said note was secured without consideration and that if the plaintiff had represented the true state of the law and facts to this defendant, the defendant would not have

signed the note, and the defendant further alleges that said note having been secured by misrepresentation and without consideration is void as between the parties herein."

The cause was tried to a jury. Plaintiff did not demur to the evidence of defendant nor did he move for a directed verdict. After the trial of the case but before the jury had returned its verdict plaintiff was allowed to file his reply consisting of a verified general denial out of time. The jury returned its verdict in favor of defendant and the court entered judgment in accordance therewith. Two days after the filing of the journal entry of judgment plaintiff filed motion for new trial and motion for judgment non obstante. Both of these motions were overruled provoking this appeal.

 Inasmuch as no motion for directed verdict was filed at the close of all the evidence the question of the insufficiency of the evidence is not before us. Pallady, v. Taylor, 206 Okl. 193, 242 P.2d 444. The sole question here presented is whether or not the court committed error in overruling plaintiff's motion for judgment non obstante. Such a motion must be filed before the rendition of judgment, otherwise it will be considered as a motion for new trial. Peoples Electric Co-op v. Broughton, 191 Okl. 229, 127 P.2d 850. The question of the sufficiency of the evidence is not presented by a motion for judgment non obstante. When a jury has returned its verdict the trial court is without authority to enter judgment notwithstanding the verdict unless the party in whose favor such judgment is rendered would be entitled to judgment on the pleadings or the jury has returned special findings of fact contrary to the verdict. National Mutual Casualty Company v. Harmon, 189 Okl. 53, 113 P.2d 597; Grand Distributing Company v. Adams, 206 Okl. 451, 244 P.2d 571. Here by verified answer the defendant alleged both fraud and want of consideration as defenses. Both, if true, were good defenses and plaintiff would not be entitled to judgment on the pleadings. Nor did the jury make any special findings of fact; it returned a general verdict in favor of defendant.

 If the motion for judgment non obstante be treated as a motion for new trial, the only grounds alleged in the motion is the sufficiency of the evidence to sustain the verdict. As heretofore pointed out this question could not be raised by such motion.

Affirmed.