**ARKANSAS LOUISIANA GAS COMPANY,**
**a corporation, Appellant,**

**v.**

**Perry Don McBROOM et al., Appellees.**

**No. 45429.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 5, 1974.

Rehearing Denied April 16, 1974.

Certiorari Denied Sept. 12, 1974.

Approved for Publication by Supreme Court
Sept. 12, 1974.

James M. May, McAlester, for appellant.

Stipe, Gossett, Stipe & Harper and Gotcher, Gotcher & Gotcher, McAlester, for appellees.

BAILEY, Judge:

This is an appeal by condemnor pipe line company from a jury award for condemnation of right-of-way for a six inch gas pipe line across defendants' land.

This action was filed January 28, 1971 by Arkansas Louisiana Gas Company to condemn a right-of-way, forty feet in width and 5746 feet in length, across a 640-acre tract owned by defendants, Perry Don McBroom and Jacqueline S. Mc-Broom, husband and wife; Jerry L. Mc-Broom and Lavonne McBroom, husband and wife; Herbert S. Guinn and Ima Jean Guinn, husband and wife; and Caton Jacobs. Although the Guinns and Jacobs were initially named as defendants, the Journal Entry of Judgment recites that they wholly failed to answer or otherwise plead or appear, and were found to be in default and judgment was not rendered as to them. The actual taking consisted of 5.-26 acres.

Notice of condemnation proceedings and for appointment of commissioners to appraise said premises was duly given to all parties. On the 18th of February, 1971 the trial court entered its order appointing said commissioners, who, after being sworn, appraised the property and filed their report in court fixing landowners' damages at $783.00. This sum was deposited by condemnor with the clerk of the District Court in Pittsburg County and the plaintiff took possession of the right-of-way and proceeded to lay their pipe line across defendants' land.

Demand for jury trial was made by all parties and the case was tried on October 7th and 8th, 1971, which resulted in a jury verdict for landowners in the sum of Ten Thousand Dollars. This verdict was received by the trial court without objection or reservation, and was filed by the clerk on October 8, 1971.

Plaintiff gas company, after having the verdict of the jury reduced to a written Journal Entry of Judgment, and after approval of said Journal Entry by counsel, filed said formal judgment on December 3, 1971.

Simultaneously with the filing of the Journal Entry of Judgment on December 3, 1971, plaintiff filed a motion for a new trial which was overruled as being filed out of time. Thereafter the court entered an order nunc pro tunc reciting that "[T]he judgment was deemed rendered on the 8th day of October, 1971, and that the Journal Entry of Judgment bearing a filing date of the 3rd day of December, 1971, recites the judgment rendered by operation of law on the 8th day of October, 1971. . . ."

Plaintiff, as appellant herein, filed its petition in error on December 30, 1971. Defendants then filed a motion to dismiss the appeal, challenging the jurisdiction of the Supreme Court on the grounds that the appeal was not commenced within 30 days from the judgment or final order. This motion to dismiss was denied during the pendency of this appeal; however, a motion to dismiss may be refiled at any time or argued on appeal even after same has been overruled, in the absence of a contrary order. Mount v. Schulte, 193 Okl. 335, 143 P.2d 424 (1943).

The question here presented, which is crucial to the question of jurisdiction, is: Does a trial court, in a condemnation proceedings, render judgment or a final order, when the court, without further judicial action or pronouncement, receives the verdict of the jury, without reservation, and orders the clerk to record said verdict? Of course this determination bears on the issue as to when an appellant's time for filing petition in error begins to run. After a careful review of this record and briefs and after independent research of legal authorities and decisions of our Supreme Court, we hold that this court is without jurisdiction to determine this appeal.

The following Rules of Appellate Procedure and Rules on Perfecting Appeals, as adopted by the Supreme Court, pursuant to 12 O.S.Supp.1969, § 990, which have the legal force of statutory law are particularly pertinent to the ultimate question now before this court.

Rule 1.15 provides:

"The petition in error shall be filed within thirty days from the final judgment or final order; appellant shall attach to the petition in error a copy of the designation of record filed in the trial tribunal pursuant to Rule 1.20(a). The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court."

Failure to strictly comply with this 30 day requirement has been held by the Supreme Court to be jurisdictional. Warehouse Market, Inc. v. Berry, 459 P.2d 853 (Okl. 1969).

Rule 1.11(a) provides when the 30 day period shall begin to run:

"Time for commencement of an appeal to review a final judgment or final order of the district court shall run from the day the decision is rendered."

And the question as to time when judgment is rendered is covered in Rule 1.-11(b), which provides:

"In law cases tried to a jury, judgment is deemed rendered when the verdict is returned and accepted by the court without reservation. 12 O.S.1961 § 696. If judgment or jury verdict is reserved or if the case is tried to the court, judgment is deemed rendered when its terms are completely pronounced by the judge and clearly resolve all the issue in controversy. Shaw v. Sturgeon, Okl., 304 P.2d 341, 343; Emerson v. Lewis, Okl., 274 P.2d 529. . . ."

Although the question of when a judgment is rendered by the court is extremely vexatious in many jurisdictions, decisions and rules of the Supreme Court of Oklahoma, along with legislative action, have removed much of the controversy in this State that exists elsewhere.

In this jurisdiction we do not have the issue as to whether or not the judgment of the trial court must be reduced to writing and signed by the trial judge before becoming a valid judgment from which an appeal may lie. In Boynton v. Crockett, 12 Okl. 57, 69 P. 869 (1902) the court held that judgment orders, orders or proceedings recorded by the clerk, need not be signed by the judge to give them validity. Judgment is rendered when pronounced by the Court and the Journal Entry is only a record thereof. Walden-Page Memorial Hospital v. Bensten, 370 P.2d 5 (Okl.1962); Werfelman v. Miller, 180 Okl. 267, 68 P.2d 819 (1937).

Upon the return of the verdict in a case triable to a jury, unless the court in some appropriate manner reserves rendition of judgment, it is the mandatory duty of the clerk to enter judgment in conformity with the verdict. Peoples Electric Co-op v. Broughton, 191 Okl. 229, 127 P.2d 850 (1942) and 12 O.S.1971, § 696.

Appellant attempts to draw a distinction between the manner in which a trial court is required to pronounce judgment in condemnation cases, which we agree is a *special proceeding*, and a law action, calling this court's attention to the language of Rule 1.11(a) and (b) which is fully set out herein, and which provides that "time for commencement of an appeal . . . shall run from the day the decision is rendered" and that "in *law cases* tried to a jury, judgment is deemed rendered when the verdict is returned and accepted by the court without reservation." Appellant contends that in a special proceeding the trial court must do something more than to receive and order the jury's verdict recorded, to pronounce judgment. Appellant has cited no authorities nor have we found authority for this distinction.

Regardless of the kind of action being appealed, be it one in law, or equity, or a special proceeding, such as we have here, the time for appeal begins to run from the

date of the judgment or final order or decision.

■ Here, when the trial court received the jury's verdict as to how much defendants were entitled to receive by reason of plaintiff's taking, the only issue in controversy was resolved and there was nothing left of a judicial nature to be performed in the trial court or by the trial judge. Clearly, a judgment was rendered and plaintiff's time for appeal then began to run.

In reviewing decisions of our Supreme Court, we have examined Austin v. King, 404 P.2d 1009 (Okl.1965) wherein the Court had occasion to consider the decisive question that we are concerned with here. In Austin, the Court observed that examination of the record disclosed that after the jury verdict was returned and read aloud "[T]he court inquired of the jury if the verdict as read was the verdict of the jurors and thereupon each of said jurors answered in the affirmative, and the court directed and ordered that the verdict of the jury be received and filed and recorded by the clerk." These same facts exist in the case at bar.

The Supreme Court observed that there was nothing in the record to show that rendition of judgment in that cause had been ordered reserved but to the contrary, that the verdict was accepted by the trial court and was ordered filed and recorded, which acts were in and of themselves legally sufficient to effect judgment by operation of law.

In Austin, supra, the Court held that the validity of a judgment does not depend upon the formal signature of the trial judge to the Journal Entry, but that a judgment in fact rendered but not formally entered on the journal is valid and effective from the date of its pronouncement.

■ It is the holding of this court that when, on the 8th of October, 1971, the verdict of the jury was returned and accepted by the court without objection or reservation, which clearly resolved the only issue between the parties, and the clerk was directed by the court to record the verdict, judgment of the trial court was rendered and plaintiff's 30 days within which to file its petition in error began to run. Since appellant's petition in error was not filed within the time provided by statute and the rules of the Supreme Court, this court did not become vested with jurisdiction to consider this appeal.

Appeal Dismissed.

BOX, P. J., and ROMANG, J., concur.